IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| MAYA PARIZER, *et al.*,<br><br>PLAINTIFFS,<br><br>v.<br><br>AJP EDUCATIONAL FOUNDATION, INC. a/k/a AMERICAN MUSLIMS FOR PALESTINE, *et al.*,<br><br>DEFENDANTS. | CASE NO. 1:24-cv-00724-RDA-IDD |

**DEFENDANT AMP'S OBJECTIONS TO PLAINTIFFS'
MOTION TO EXTEND DUE TO INACCURATE REPRESENTATIONS**

Defendant AJP Educational Foundation, Inc., d/b/a American Muslims for Palestine ("AMP"), by and through undersigned counsel, files these Objections to Plaintiffs' Motion to Extend Time For Service (Doc. 44), due to inaccurate representations contained within the motion that directly relate to Defendant AMP. In support of its Objections, Defendant presents the following:

Plaintiffs seek an extension, after the 90-day period for service has expired, to perfect service on Defendant National Students for Justice in Palestine. Defendant AMP does not take a position specifically as to the propriety of that Motion, other than to note that Plaintiffs failed to file it until more than two weeks after the expiration of the time period in which Plaintiffs were required to serve that defendant, as they themselves recognize. Doc. 44.1 at 1 ("The 90-day period for service under Rule 4(m) expired on July 30.").

Defendant AMP does object, however, to the misrepresentations contained in Plaintiffs' Motion and supporting Memorandum.  Plaintiffs claim in their motion, without support, that "Defendant AJP Educational Foundation founded NSJP to provide management and control of hundreds of university chapters of Students for Justice in Palestine spread out across the country." Doc. 44.1 at 3.  Yet Plaintiffs then attach as an exhibit the communication they received from AMP's counsel on May 6, 2024—over three months ago—clarifying that AMP is not in fact the "parent organization" of NSJP, that NSJP does not work out of AMP's place of business, and that counsel for AMP neither represents NSJP nor is able to put Plaintiffs into communication with any representative of NSJP.  Doc. 44.2, Email from counsel for AMP dated May 6, 2024 at 8:04 p.m., at 1 ("AJP, with its d/b/a of AMP, is not the 'parent organization' of NSJP.  Despite your pleadings and media tours to the contrary, zero corporate relationship exists between the two. I do not represent NSJP, never have (though I have represented AMP/AJP for over seven years), and no, neither I nor anyone else at our organization will accept service for NSJP.").

Nonetheless, despite directly attaching this correspondence from AMP's counsel of three months ago and citing to it, Plaintiffs continue their wishful and unsupported misrepresentation further down in their Motion.  Doc. 44.1 at 5 ("Defendant AJP, NSJP's parent organization, and Defendant WESPAC, NSJP's fiscal sponsor, have refused to provide an address or any other contact information whatsoever for NSJP or its leadership.").  Counsel for AMP directly advised counsel for Plaintiffs in that same May 6, 2024 correspondence that "I honestly have no idea who a contact point is for NSJP, or where – but you wrongly list AMP/AJP's address – NSJP has no operations or representatives at AMP's location. Their website lists no names, and I do not have any interactions with any representatives for them." Doc. 44.2 at 1.

AMP therefore objects to Plaintiffs' Motion to Extend to the extent it relies on the misrepresentations above.  Plaintiffs' own affidavits and brief confirm that NSJP is an informal, unincorporated association of students, as exemplified by Plaintiffs' efforts to serve a purported "steering committee" member in his dorm room on a California campus, from which he vacated.

Plaintiffs' counsel has known for months that AMP's counsel does not have contact with the defendant Plaintiffs now seek an extension to serve, and Plaintiffs have also known for months that any unproven and speculative correlation they allege between AMP and the unserved defendant is at the very least contested.  *Id.*  And Plaintiffs knew that AMP itself declined to accept service on behalf of the unserved defendant for the same reasons articulated consistently by AMP's counsel.  *Id.* at 2 (recognizing that "the Executive Director of AJP accepted service on behalf of AJP but declined to accept on behalf of NSJP").  Plaintiffs' derivative conclusion that "given Defendants AJP and WESPAC's intimate association with NSJP, it is likely that NSJP has received actual notice of this action" cannot stand based solely on the disputed allegations above.

Finally, Defendant AMP points out additional internal inconsistencies in Plaintiffs' Motion:  Plaintiffs assert that they have been trying to serve the defendant at issue "for months" but then acknowledge that an April 2024 article, which they attach as Exhibit B to their Motion and which predates Plaintiffs' complaint, directs them to names of former and potentially current contact individuals.  Doc. 44.1 at 3; Doc. 44.3 (listing the names of multiple individuals purportedly connected to the relevant defendant).  Yet Plaintiffs provide no representation that they have even attempted to locate or serve those identified individuals.  Doc. 44.1 at 3 (referencing a sole "Steering Committee member" despite the attached article referencing multiple named individuals); Doc. 44.3 at 10-14, 16 -22 (naming multiple individuals with current or past positions with the unserved defendant).  Yet Plaintiffs' process server, whose affidavit they attach at Doc.

44.4, acknowledges he personally spoke with one individual whom Plaintiffs seek to serve as the representative of NSJP on August 16—the same day that Plaintiffs filed their Motion to Extend. Doc. 44.4 at 1-2 (describing how the student at issue informed the process server that "he would contact me after speaking with his Counsel").[1]

Plaintiffs nonetheless claim that the misrepresentations they make in their Motion purportedly support their "good faith" conclusion that "[a]n order of publication is necessary here." Doc. 44.1 at 5, 6.  To the extent Plaintiffs rely on their representations that contradict the direct communications they received three months ago from counsel for AMP, Defendant AMP objects to Plaintiffs' late-breaking motion.

Respectfully submitted this 19th day of August, 2024.

/s/ George R. A. Doumar
George R.A. Doumar, VSB No. 26490
Raj H. Patel, VSB No. 87893
Mahdavi Bacon Halfhill & Young, PLLC
1530 Wilson Boulevard, Suite 1060
Arlington, Virginia 22209
Tel: 703-243-3737
Fax: 703-524-7610
gdoumar@doumarmartin.com

Christina A. Jump
(*pro hac vice*)
Samira S. Elhosary
(*pro hac vice*)
Constitutional Law Center
for Muslims in America[2]
100 N. Central Expy. Suite 1010
Richardson, Texas 75080

---

[1] It is also unclear if this organization is a foreign one that qualifies for service by publication; there are literally thousands of followers of Students for Justice in Palestine chapters on Virginia college campuses, based on a review of Instagram sites, but there was no apparent effort to determine if any in-state followers are involved in the organization's leadership, to the extent there is leadership.

[2] The Constitutional Law Center for Muslims in America is the legal division of the Muslim Legal Fund of America.

        Tel: (972) 914-2507
        Fax: (972) 692-7454
        cjump@clcma.org
        selhosary@clcma.org

        COUNSEL FOR DEFENDANT
        AJP EDUCATIONAL FOUNDATION,
        INC. a/k/a AMERICAN MUSLIMS FOR
        PALESTINE

### CERTIFICATE OF SERVICE

I certify that on August 19, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of electronic filling to all counsel of record.

        /s/ George R. A. Doumar_____
        George R.A. Doumar, VSB No. 26490
        Doumar Martin PLLC
        1530 Wilson Boulevard, Suite 430
        Arlington, Virginia 22209
        Tel: 703-243-3737
        Fax: 703-524-7610
        gdoumar@doumarmartin.com

        COUNSEL FOR DEFENDANT AJP
        EDUCATIONAL FOUNDATION, INC.
        a/k/a AMERICAN MUSLIMS FOR
        PALESTINE