**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| MAYA PARIZER, *et al.*,<br><br>     PLAINTIFFS,<br><br>     v.<br><br>AJP EDUCATIONAL FOUNDATION, INC.<br>a/k/a AMERICAN MUSLIMS FOR<br>PALESTINE, *et al.*,<br><br>     DEFENDANTS. | CASE NO. 1:24-cv-00724-RDA-IDD |

**MEMORANDUM IN SUPPORT OF DR. HATEM BAZIAN'S MOTION TO DISMISS
UNDER RULES 12(b)(2), 12(b)(4), 12(b)(5) 12(b)(1), AND 12(b)(6)**

## TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................ii

TABLE OF AUTHORITIES ........................................................................................ iv

I.     INTRODUCTION ................................................................................................ 1

       A.  This Court Has No Personal Jurisdiction over Dr. Bazian ............................ 1

       B.  Plaintiffs' Claims Against Dr. Bazian Fail Under the ATS........................... 2

       C.  Plaintiffs' Claims Against Dr. Bazian Fail Under the ATA .......................... 2

II.    FACTS AND PROCEDURAL HISTORY .......................................................... 2

III.   STANDARDS OF REVIEW ............................................................................... 5

       A.  Federal Rule of Civil Procedure 12(b)(2) ................................................... 5

       B.  Federal Rule of Civil Procedure 12(b)(4) and (5).......................................... 6

       C.  Federal Rule of Civil Procedure 12(b)(1) ................................................... 6

       D.  Federal Rule of Civil Procedure 12(b)(6) ................................................... 7

       E.  Judicial Notice ............................................................................................... 8

       F.  The Anti-Terrorism Act ................................................................................. 9

       G.  The Alien Tort Statute .................................................................................. 10

IV.    ARGUMENT ....................................................................................................... 10

       A.  This Court Lacks Personal Jurisdiction Over Dr. Bazian ............................. 11

            1.   Plaintiffs Failed To Properly Serve Dr. Bazian................................. 11

            2.   Dr. Bazian Has Insufficient Contacts with the Commonwealth of Virginia to Vest This Court with Personal Jurisdiction ....................................... 12

       B.  This Court Lacks Subject Matter Jurisdiction Under the ATS ..................... 12

            1.   Plaintiffs Fail to Overcome the Presumption Against Extraterritorial Application of the ATS ........................................................................................ 13

            2.   Plaintiffs Fail to Plead a Violation of an International Norm Contemplated by the ATS........................................................................................................ 14

      3.    Dr. Bazian's Alleged Activities Constitute Protected Speech and Advocacy, and Do Not Suffice to Establish Liability ................................................................ 15

   C.  The U.S.-Citizen Plaintiffs Fail to State a Claim Against Dr. Bazian Under the Anti-Terrorism Act ............................................................................................................ 16

      1.    Plaintiffs Fail to Allege Facts Showing Dr. Bazian Had Any Role in Illegal or Tortious Activity Preceding October 7 ............................................................. 17

      2.    Plaintiffs Fail to Allege Dr. Bazian Substantially Assisted in Hamas' October 7 Attacks .............................................................................................................. 18

   D.  The Non-Citizen Plaintiffs Fail to State a Claim Under the ATS ................................ 18

V.    CONCLUSION ............................................................................................................. 19

CERTIFICATE OF SERVICE .................................................................................................... 21

## TABLE OF AUTHORITIES

**Cases**

*Aruna v. S. States Corp.*
    2024 U.S. Dist. LEXIS 86413 (E.D. Va. May 10, 2024) ........................................ 8

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ..................................................................................................... 7

*Atchley v. AstraZeneca UK Ltd.*
    22 F.4th 204 (D.C. Cir. 2022) .................................................................................... 18

*Aziz v. Alcolac, Inc.*
    658 F.3d 388 (4th Cir. 2011) ............................................................................... 16, 18

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007) ..................................................................................................... 7

*Bristol-Myers Squibb Co. v. Superior Court*
    582 U.S. 255 (2017) ................................................................................................... 12

*Bryant v. Udell & Assocs.*
    2023 U.S. Dist. LEXIS 140767 (E.D. Va. Aug. 11, 2023) ......................................... 7

*Burger King Corp. v. Rudzewicz*
    471 U.S. 462 (1985) ..................................................................................................... 6

*Chandler v. Maynard*
    2023 U.S. Dist. LEXIS 77675 (E.D. Va. May 3, 2023) .............................................. 6

*Clark v. Trans Union, L.L.C.*
    2016 U.S. Dist. LEXIS 170720 (E.D. Va. Dec. 9, 2016) ........................................... 9

*Consulting Eng'rs Corp. v. Geometric Ltd.*
    561 F.3d 273 (4th Cir. 2009) ....................................................................................... 5

*Cornejo v. Cnty. of San Diego*
    504 F.3d 853 (9th Cir. 2007) ..................................................................................... 15

*EEOC v. St. Francis Xavier Parochial Sch.*
    117 F.3d 621 (D.C. Cir. 1997) .................................................................................... 8

*Estate of Alvarez v. Rockefeller Found.*
    96 F.4th 686 (4th Cir. 2024) ........................................................................................ 6

*Goldfarb v. Mayor & City Counsel of Baltimore*
    791 F.3d 500 (4th Cir. 2015) ....................................................................................... 8

*In re IronNet, Inc. Sec. Litig.*
    2023 U.S. Dist. LEXIS 139294 (E.D. Va. Aug. 9, 2023) ........................................... 8

*Int'l Shoe Co. v. Washington*
    326 U.S. 310 (1945) ..................................................................................................... 6

*Khai Bui v. Caballero*
    2024 U.S. Dist. LEXIS 43823 (E.D. Va. Mar. 12, 2024) ..................................... 6, 7

*Kiobel v. Royal Dutch Petro. Co.*
    569 U.S. 108 (2013) ............................................................................................ 13

*Leisrael v. Educ. for a Just Peace in the Middle E.*
    66 F.4th 1007 (D.C. Cir. 2023) ..................................................................... 10, 17

*Mastafa v. Chevron Corp.*
    770 F.3d 170 (2d Cir. 2014) ................................................................................ 13

*Medmarc Cas. Ins. Co. v. GD Grp. USA Co.*
    669 F. Supp. 3d 555 (E.D. Va. 2023) .................................................................... 5

*Microsoft Corp. v. Doe*
    2021 U.S. Dist. LEXIS 218620 (E.D. Va. July 16, 2021) ...................................... 9

*Mitrano v. Hawes*
    377 F.3d 402 (4th Cir. 2004) ................................................................................. 5

*Nestle USA, Inc. v. Doe*
    593 U.S. 628 (2021) ................................................................................. 10, 13, 14

*Olawole v. ActioNet, Inc.*
    258 F. Supp. 3d 694 (E.D. Va. 2017) .................................................................... 8

*Rodney Mills v. City of Norfolk*
    2020 U.S. Dist. LEXIS 241340 (E.D. Va. Dec. 22, 2020) ..................................... 8

*Rosemond v. United States*
    572 U.S. 65 (2014) ................................................................................................ 9

*Sosa v. Alvarez-Machain*
    542 U.S. 692 (2004).................................................................................. 10, 14, 15

*Summit Cmty. Bank v. David*
    629 B.R. 804 (E.D. Va. 2021) ........................................................................... 8, 9

*Trend Micro Inc. v. Open Text, Inc.*
    2023 U.S. Dist. LEXIS 176073 (E.D. Va. Sept. 29, 2023)...................................... 6

*Twitter, Inc. v. Taamneh*
    598 U.S. 471 (2023)................................................................................. 9, 10, 18

*Wahi v. Charleston Area Med. Ctr., Inc.*
    562 F.3d 599 (4th Cir. 2009) ................................................................................. 8

*Warth v. Seldin*
    422 U.S. 490 (1975) ............................................................................................... 7

**Statutes**

18 U.S.C. § 2333 ................................................................................................................ 9

28 U.S.C. § 1350 .............................................................................................................. 10

Cal. Civ. Proc. Code § 415.10 (2024) .............................................................................. 11

Va. Code Ann.  § 8.01-328.1 (2024) ................................................................................12

**Rules**

Fed. R. Civ. P. 12(b)(1)......................................................................................................4,6

Fed. R. Civ. P. 12(b)(2) .....................................................................................................5

Fed. R. Civ. P. 12(b)(4) .....................................................................................................6

Fed. R. Civ. P. 12(b)(5) .....................................................................................................6

Fed. R. Civ. P. 12(b)(6) .....................................................................................................4,7

Fed. R. Evid. 201(b)........................................................................................................... 8

Fed. R. Evid. 201(c)(2) ...................................................................................................... 8

## I.  <u>INTRODUCTION</u>

Dr. Hatem Bazian ("Dr. Bazian") is a professor and lecturer at the University of California, Berkeley. His academic focus includes Arab and Arab American studies, colonialism and post-colonial studies, comparative liberation theologies, critical race theory, Muslim American studies, and Palestine studies. He writes extensively on these issues and presents lectures on his areas of expertise at schools and events across the country. Dr. Bazian is a respected academic, and also co-founder and current Chairman of the Board of Directors of AJP Educational Foundation, d/b/a American Muslims for Palestine ("AMP"). This role with AMP, as well as his constitutionally protected and legal speech, form the basis of Plaintiffs' attempt to hold Dr. Bazian liable for the harms they suffered from Hamas' October 7 attacks. Plaintiffs fail to allege any facts that tie Dr. Bazian to Hamas in any way, much less sufficient to hold him accountable for the claims Plaintiffs bring. Dr. Bazian therefore respectfully requests this Court dismiss Plaintiffs' claims against him in full.

### A.  **This Court Has No Personal Jurisdiction over Dr. Bazian**

This Court does not have personal jurisdiction over Dr. Bazian because Plaintiffs did not properly serve him. The summons the process server left with Dr. Bazian's wife failed to list the correct address at which he was served, violating both Virginia law and civil procedure. Additionally, Plaintiffs fail to allege facts sufficient to grant this Court general or specific personal jurisdiction over Dr. Bazian. Plaintiffs do not dispute that Dr. Bazian's domicile is California, and he therefore is subject to the general personal jurisdiction of California courts, not Virginia courts. Plaintiffs do not allege sufficient contacts by Dr. Bazian with Virginia to establish specific jurisdiction.

**B.     Plaintiffs' Claims Against Dr. Bazian Fail Under the ATS**

The non- U.S. citizen Plaintiffs fail to allege facts sufficient to allow this Court to exercise subject matter jurisdiction over their claims under the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350. They do not allege that Dr. Bazian participated in the attacks on October 7, or provided Hamas with substantial assistance for the purpose of committing those attacks. Plaintiffs fail to overcome the presumption against extraterritorial application of U.S. law and fail to allege violation of an international norm within the narrow scope of the ATS as articulated by Supreme Court and Fourth Circuit case law. In the alternative, if this Court determines it does have jurisdiction over Plaintiffs' ATS claim, Plaintiffs still fail to allege a claim under the ATS upon which relief can be granted.

**C.     Plaintiffs' Claims Against Dr. Bazian Fail Under the ATA**

The U.S. citizen Plaintiffs equally fail to allege a claim under the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333(d), against Dr. Bazian upon which relief could be granted. Plaintiffs allege merely that Dr. Bazian expressed constitutionally protected speech and participated in constitutionally protected association with groups and individuals. None of these allegations are sufficient to meet the limited aiding and abetting liability Congress established in the ATA. Plaintiffs do not allege Dr. Bazian had prior knowledge of Hamas' attacks on October 7. Plaintiffs do not allege Dr. Bazian participated in the October 7 attacks. Plaintiffs do not allege that Dr. Bazian provided any assistance to Hamas with the intent of substantially assisting the October 7 attacks. Plaintiffs' Amended Complaint lacks any allegations that tie Dr. Bazian to the acts that caused Plaintiffs' injury, and therefore this Court should dismiss Plaintiffs' ATA claim.

## II.     FACTS AND PROCEDURAL HISTORY

Dr. Bazian is a respected academic who lives in the United States. He co-founded and currently serves as the chairman of the Board of Directors for AMP. Plaintiffs allege no more.

Plaintiffs, seven U.S. citizens and two Israeli citizens, all allege harms resulting from Hamas' October 7 attacks in Israel. They each allege that Hamas' attacks caused them "mental anguish, pain, and suffering." First Amended Complaint at ¶¶ 1-9, Doc. 24 (July 9, 2024) ("Amend. Compl."). None of the nine Plaintiffs alleges physical injuries, but many escaped Hamas' attacks and all lost friends and relatives. *See generally id.* The U.S. citizen Plaintiffs bring claims under the ATA. *Id*. ¶¶ 176-194. The non-U.S. citizen Plaintiffs rely on the ATS. *Id*. ¶¶ 195-206. The bulk of Plaintiffs' allegations recite events that occurred after the October 7 attacks that caused Plaintiffs' harms, and Plaintiffs tie none to Dr. Bazian. *Id*. at ¶¶ 78-153. Plaintiffs allege that Dr. Bazian "founded both AMP and NSJP." *Id.; but see* Exhibit A, Declaration of Dr. Hatem Bazian.[1] To the extent that Plaintiffs generally allege "Defendants" participated in or encouraged any acts after October 7, this is insufficient to establish liability against Dr. Bazian. Plaintiffs never allege that Dr. Bazian participated in or orchestrated any act of violence that caused them harm.

Plaintiffs' Amended Complaint rightly assigns blame for the October 7, 2023 terrorist attacks in Israel to Hamas, with assistance from other state actors. Amend. Compl. ¶ 23. Instead of targeting those actors they claim perpetrated the attack, Plaintiffs direct their efforts to recover from AMP and individuals associated with AMP, including Dr. Bazian. *Id*. ¶ 67. Dr. Bazian's academic work and educational efforts as a member of AMP's board cannot render him responsible to Plaintiffs under any U.S. laws. Therefore, Plaintiffs' claims against him fail as a matter of law under both Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Plaintiffs' ATA claim relies on an expansive reading of aiding and abetting liability, but they do not allege that Dr. Bazian directly aided or abetted Hamas in its October 7 terrorist attacks

---

[1] For the purposes of this Motion and only to the extent required by Rules 4 and 12, Dr. Bazian acknowledges the Court views all reasonable inferences in the light most favorable to Plaintiffs. However, this Court need not do so on issues of jurisdiction.

as required for liability under the ATA. *Id*. ¶ 176-194. Plaintiffs allege that Hamas attacked Israel on October 7. *Id*. ¶ 67. They also rightly allege that Hamas continues to hold hostages and launch rockets into Israel. *Id*. ¶ 68. Plaintiffs never allege that Dr. Bazian knew of the attacks prior to October 7, or that he participated in the planning or execution of those attacks with the goal that those attacks succeed. Instead, they provide the conclusory assertion that "[Dr]. Bazian is responsible, in whole or in part, for directing AMP's ideological efforts for the benefit of Hamas and its allies." *Id*. ¶ 13. They allege that, "[a]s an undergraduate, [Dr.] Bazian was a member of two Muslim Brotherhood-affiliated organizations, the General Union of Palestine Studies ("GUPS") and the Muslim Students Association ("MSA")," a factually inaccurate assumption that fails to support Plaintiffs' claims even if true. *Id*. ¶ 42. Plaintiffs' conclusory allegations that "[t]here is no indication that AMP, NSJP, or the individuals affiliated with them (including Bazian and Abuirshaid) ever ceased providing material support to Hamas," and "AMP, NSJP, [Dr.] Abuirshaid, and [Dr.] Bazian have been providing substantial assistance to Hamas for decades" equally fail to support liability under the ATA against Dr. Bazian. *Id*. ¶¶ 66, 187.

Plaintiffs lift, in some cases nearly verbatim, most of their pre-October 7 allegations from the First Amended Complaint in the *Boim v. AMP* matter pending before the Northern District of Illinois.[2] Those as yet unproven allegations relate to events in 1996, far removed from the October 7 attacks that caused Plaintiffs' harms. *Id*. ¶¶ 28-31. Any conclusions derived from those allegations have no bearing on Plaintiffs' claims against Dr. Bazian in this lawsuit.

Plaintiffs filed their Complaint on May 1, 2024, naming only organizational defendants. Doc. 1. Plaintiffs amended their complaint on July 9, 2024, adding individual defendants including

---

[2] First Amended Complaint for Declaratory and Monetary Judgment, *Boim et al. v. American Muslims for Palestine et al.*, No. 17-cv-03591 (N.D. Ill. Dec. 17, 2019), ECF No. 179.

Dr. Bazian. Doc. 24. Plaintiffs attempted to serve Dr. Bazian, through his wife, on August 3, 2024. Doc 41. Dr. Bazian, through counsel, sought and received a two-week extension to respond to the allegations against him in the Amended Complaint. Docs. 58, 59. Subject to the objections below that Plaintiffs failed to properly serve Dr. Bazian or establish this Court's personal jurisdiction over him, Dr. Bazian now respectfully submits this Motion to Dismiss the claims against him.

## III.   STANDARDS OF REVIEW

### A.   Federal Rule of Civil Procedure 12(b)(2)

Courts undertake a two-part analysis to determine whether they have personal jurisdiction over a defendant in a case. *Medmarc Cas. Ins. Co. v. GD Grp. USA Co.*, 669 F. Supp. 3d 555, 560 (E.D. Va. 2023). A court first determines whether personal jurisdiction comports with state law, and then it determines whether the court's exercise of personal jurisdiction aligns with constitutional due process. *Id*. (citing *Mitrano v. Hawes*, 377 F.3d 402, 406 (4th Cir. 2004)). In Virginia, the statutory analysis aligns with the constitutional one, because Virginia's long-arm statute allows personal jurisdiction to the limits allowed by due process. *Id*. (citing *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009)). Taking all allegations in a complaint as true, a court first determines whether a plaintiff presented a *prima facie* showing of personal jurisdiction. *Id.* If a court finds that a *prima facie* showing of personal jurisdiction exists, "the defendant 'must present a compelling case that the presence of some other considerations would render jurisdiction [so] unreasonable' as to 'offend traditional notions of fair play and substantial justice.'" *Id*. at 560-61 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985) and *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

A plaintiff must make a *prima facie* showing of personal jurisdiction over a defendant. Personal jurisdiction can be either general or specific. *Trend Micro Inc. v. Open Text, Inc.*, No. 1:22-cv-1063, 2023 U.S. Dist. LEXIS 176073, at *29 (E.D. Va. Sept. 29, 2023). General

jurisdiction exists over a non-resident individual defendant in the state in which the defendant is domiciled. *Id*. Specific jurisdiction over a non-resident defendant exists where the litigation arises from the defendant's contacts with the state. *Id*. at *29-30. Dr. Bazian is domiciled in California and has insufficient contacts with Virginia related to the claims in this Complaint for this Court to maintain personal jurisdiction.

**B.     Federal Rule of Civil Procedure 12(b)(4) and (5)**

A court may not exercise personal jurisdiction over a defendant until they are properly served with summons in a case. *Chandler v. Maynard*, No. 3:22cv49, 2023 U.S. Dist. LEXIS 77675, at *4 (E.D. Va. May 3, 2023). A challenge under Rule 12(b)(4) attacks the sufficiency or form of the process itself. *Id*. A challenge under Rule 12(b)(5) objects to the "mode of delivery or lack of delivery." *Id*. This is an extremely fact-based challenge, and courts may consider materials outside of the pleadings when reviewing motions brought under either Rules 12(b)(4) or 12(b)(5). *Id*. at *5. When a defendant contests the sufficiency of service, the plaintiff bears the burden to prove service was appropriate. *Id.*

**C.     Federal Rule of Civil Procedure 12(b)(1)**

Where a court has no subject matter jurisdiction to hear a claim, it must dismiss that claim. *Khai Bui v. Caballero*, No. 1:23-cv-819, 2024 U.S. Dist. LEXIS 43823, at *2 (E.D. Va. Mar. 12, 2024). Where a defendant challenges the court's subject matter jurisdiction, the burden falls on the plaintiff to show that jurisdiction exists. *Id*. at *2-3 (explaining that the complainant must allege sufficient facts to show that they may "invoke judicial resolution of the dispute and the exercise of the court's remedial powers") (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). Federal courts are of limited jurisdiction, and may not hear claims that are not properly in front of them. *Bryant v. Udell & Assocs.*, No. 1:23-cv-00414 (AJT/LRV), 2023 U.S. Dist. LEXIS 140767, at *5

(E.D. Va. Aug. 11, 2023) (recognizing federal court jurisdiction derives from the Constitution and federal statutes).

A defendant may challenge the court's jurisdiction in one of two ways. A facial challenge argues that the complaint on its face fails to support jurisdiction; the court will then take all facts alleged to be true, except for conclusory statements and legal conclusions. *Khai Bui*, 2024 U.S. Dist. LEXIS 43823, at *3. A defendant may also challenge the court's subject matter jurisdiction over the case irrespective of the pleadings, under which the presumption of truth does not attach to the allegations in the complaint. *Id*.

**D.     Federal Rule of Civil Procedure 12(b)(6)**

To survive a motion to dismiss pursuant to Rule 12(b)(6), Plaintiffs' Complaint must contain sufficient factual allegations that, if accepted as true at this stage, state a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Claims are facially plausible when plaintiffs plead factual content that allows the court to draw reasonable inferences that the defendant could be liable for the misconduct alleged if the allegations ultimately prove true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facts alleged in a complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. Courts need not accept as true "legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Aruna v. S. States Corp.*, No. 1:24-cv-21, 2024 U.S. Dist. LEXIS 86413, at *4 (E.D. Va. May 10, 2024) (quoting *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 (4th Cir. 2009)) (internal quotation marks omitted).   In evaluating at 12(b)(6) motion to dismiss, courts generally restrict their review to the "four corners of the complaint." *Id*. (citing *Goldfarb v. Mayor & City Counsel of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015)).

E.    **Judicial Notice**

In addition to the facts alleged in a complaint, and documents attached to or incorporated into a complaint, courts may consider matters of which courts may properly take judicial notice. *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F. 3d 621, 624-25 (D.C. Cir. 1997). Matters properly subject to judicial notice are those "(1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). If a party requests a court take judicial notice of a fact and supplies the necessary information, the court "must" take judicial notice of that fact. Fed. R. Evid. 201(c)(2); *Rodney Mills v. City of Norfolk*, No. 2:20CV521 (RCY), 2020 U.S. Dist. LEXIS 241340, at *10 (E.D. Va. Dec. 22, 2020); *see also Summit Cmty. Bank v. David*, 629 B.R. 804, 814 (E.D. Va. 2021) (finding it inappropriate for a court to take judicial notice of facts that remain in dispute).

This Court may take judicial notice of the contents of publicly available websites and the contents of Dr. Bazian's declaration, attached hereto. *In re IronNet, Inc. Sec. Litig.*, No. 1:22-cv-449 (RDA/JFA), 2023 U.S. Dist. LEXIS 139294, at *3 n.2 (E.D. Va. Aug. 9, 2023) (holding courts may take judicial notice of public filings by a party and exhibits whose authenticity is not in doubt); *Olawole v. ActioNet, Inc.*, 258 F. Supp. 3d 694, 701 n.6 (E.D. Va. 2017) (finding it appropriate for courts to take judicial notice of facts "memorialized in a public record available from Maryland's registry of corporations"); *Microsoft Corp. v. Doe*, No. 1:21-cv-822, 2021 U.S. Dist. LEXIS 218620, at *3 (E.D. Va. July 16, 2021) (taking judicial notice of declarations attached to the parties' motions).

Dr. Bazian objects to the Court taking judicial notice of each of the exhibits attached to Plaintiffs' Amended complaint, to the extent they support facts alleged against Dr. Bazian, because

Plaintiffs do not establish the source of each. Therefore, each exhibit's accuracy remains reasonably questionable. *Clark v. Trans Union, L.L.C.*, No. 3:15cv391, 2016 U.S. Dist. LEXIS 170720, at *10 (E.D. Va. Dec. 9, 2016) (refusing to take judicial notice of materials where the party "made no attempt to certify this docket sheet as a public record, or to offer any witness regarding its authenticity"). Dr. Bazian also objects to the Court taking judicial notice of the allegations in the *Boim v. AMP* complaint, as those allegations remain highly contested. *Summit Cmty. Bank*, 629 B.R. at 814 (concluding "the Court cannot find that the Bankruptcy Court's error in considering these extrinsic facts was harmless"). While taking the Plaintiffs' allegations as true is warranted at the Rule 12 stage, these exhibits do not merit judicial notice.

**F.      The Anti-Terrorism Act**

The ATA creates a cause of action for U.S. nationals injured by acts of international terrorism against "any person who aids and abets, by knowingly providing substantial assistance" to the actor who committed the act of international terrorism. 18 U.S.C. § 2333(d)(2). Plaintiffs must plead sufficient facts to show that the defendant took "some 'affirmative act' 'with the intent of facilitating the offense's commission'" *Twitter, Inc. v. Taamneh*, 598 U.S. 471, 490 (2023) (quoting *Rosemond v. United States*, 572 U.S. 65, 71 (2014)). Plaintiffs also bear the burden to establish that a defendant was "generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance" and that the defendant "knowingly and substantially assist[ed] the principal violation." *Leisrael v. Educ. for a Just Peace in the Middle E.*, 66 F.4th 1007, 1016 (D.C. Cir. 2023); *see also Taamneh*, 598 U.S. at 495 (finding insufficient the claim that a defendant assisted a "transcendent 'enterprise' separate from and floating above all the actionable wrongs that constitute it"). Dr. Bazian took no affirmative actions with any intent to facilitate Hamas' October 7 attacks, nor aided and abetted those attacks in any way.

G.      **The Alien Tort Statute**

The ATS creates no new cause of action, but creates an avenue for non-U.S. citizens to bring civil law suits in the U.S. against U.S. actors for torts that cause harm cognizable as serious violations of international law. 28 U.S.C. § 1350. Non-U.S. citizen plaintiffs must allege a violation of one of a "handful of heinous actions--each of which violates definable, universal and obligatory norms." *Sosa v. Alvarez-Machain*, 542 U.S. 692, 732 (2004). Plaintiffs must also allege domestic conduct sufficiently connected to the harm they suffered, in order to overcome the presumption against extraterritorial application of U.S. law. *Nestle USA, Inc. v. Doe*, 593 U.S. 628, 634 (2021). Plaintiffs here allege no U.S.-based conduct by Dr. Bazian that proximately caused the October 7 attacks that harmed them.

Under the governing Fourth Circuit precedent, plaintiffs must show a defendant (1) provides practical assistance to the principal which has a substantial effect on the perpetration of the crime, and (2) does so with the purpose of facilitating that crime. *Aziz v. Alcolac, Inc.*, 568 F.3d 388, 396 (4th Cir. 2011). Even knowledge of a crime itself does not suffice. *Id*; *see also Estate of Alvarez v. Rockefeller Found.*, 96 F.4th 686 (4th Cir. 2024) (restating the holding from *Aziz*). Plaintiffs come nowhere close to alleging the necessary elements for liability under the ATS as to Dr. Bazian.

## IV.     ARGUMENT

Plaintiffs' failure to serve Dr. Bazian properly divests this Court of personal jurisdiction over him. If this Court determines that it does possess personal jurisdiction over Dr. Bazian despite the flaws in Plaintiffs' service on him, Dr. Bazian provisionally asserts that this Court has no subject matter jurisdiction over Plaintiffs' ATS claims, and Plaintiffs fail to state a claim upon which relief could be granted for either the ATS or ATA claim. Plaintiffs fail to allege any actions by Dr. Bazian in support of Hamas' October 7 attacks, much less actions that would support

allegations of substantial assistance to the terrorist organization. Plaintiffs present only threadbare allegations against Dr. Bazian in their Amended Complaint; to the extent that Plaintiffs allege Dr. Bazian is liable under either theory of liability merely because of his role with AMP, or because of allegations against "Defendants" in general, this Motion incorporates and relies on the arguments presented in AMP's currently pending Motion to Dismiss.

**A.      This Court Lacks Personal Jurisdiction Over Dr. Bazian**

1.   Plaintiffs Failed to Properly Serve Dr. Bazian

Plaintiffs served a defective summons on Dr. Bazian, thereby failing to establish this Court's jurisdiction over him. Dr. Bazian resides in California and so is subject to the jurisdiction of California laws and courts. The summons as served is defective because it listed the Virginia address of AMP, not the California address at which service of process was attempted. *See* Doc. 41. California law authorizes serving a person at their usual office during normal business hours, but the AMP address listed is not Dr. Bazian's usual office, nor was that where the summons was left.

Additionally, Plaintiffs failed to serve Dr. Bazian personally, instead leaving the summons and complaint with his wife. *See id*. This method is insufficient under California law, where service was attempted, which requires "personal delivery of a copy of the summons and of the complaint to the person to be served." Cal. Civ. Proc. Code § 415.10 (2024). If in the exercise of reasonable diligence, the summons cannot be served on the person, the summons can be left with another "person authorized by [the individual] to receive service." *Id*. § 415.20(b). In this situation, there is no indication that Dr. Bazian authorized his wife to receive service on his behalf. Therefore, this service is defective and does not create any obligation on behalf of Dr. Bazian.

2. Dr. Bazian Has Insufficient Contacts with the Commonwealth of Virginia to Vest This Court with Personal Jurisdiction

Dr. Bazian lives and works in California, and is therefore not subject to general personal jurisdiction in Virginia. Exhibit A ¶ 3. *See Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 262 (2017) (reiterating that the forum for general personal jurisdiction over an individual is that individual's domicile). Neither is he subject to specific personal jurisdiction in Virginia, as he does not have sufficient relevant contacts to establish specific personal jurisdiction. *Id*. (emphasizing that the suit must arise out of or relate to the defendant's contacts with the forum). He travels frequently for his work, but visits Virginia no more or less than any other place he may travel to give a lecture or other speaking engagement. *See generally* Exhibit A. Virginia law authorizes personal jurisdiction over a person as to a cause of action arising from one of ten enumerated situations. Va. Code Ann. § 8.01-328.1 (2024). Dr. Bazian meets none of those categories as he does not transact business in Virginia, nor does this claim arise from any act Dr. Bazian took in Virginia. *Id.* Dr. Bazian does not have sufficient contacts with Virginia that relate to or arise out of Plaintiffs' claims. Preliminarily, Plaintiffs' claims relate to the October 7 terrorist attacks in Israel, so to that extent, Plaintiffs' claims have no relation to Virginia in any case. Assuming Plaintiffs' claims relate to Dr. Bazian's advocacy for Palestinians over time, that work relates to the core of his teaching duties and academic research at UC Berkeley. Under both Virginia law and the constitutional analysis, this Court has no personal jurisdiction over Dr. Bazian.

**B.    This Court Lacks Subject Matter Jurisdiction Under the ATS**

Plaintiffs allege no facts sufficient to tie U.S.-based actions by Dr. Bazian to the attacks of October 7, so therefore this Court has no subject matter jurisdiction over this claim. Plaintiffs fail to overcome the presumption against extraterritorial application of U.S. law by failing to allege

any domestic actions by Dr. Bazian that proximately caused their harms. *Nestle USA, Inc.*, 593 U.S. at 632. Additionally, the actions Plaintiffs do allege against Dr. Bazian do not fall under one of the limited violations of international law contemplated by the Supreme Court as appropriate for claims under the ATS. *Sosa*, 542 U.S. at 712. Neither Dr. Bazian's advocacy for Palestinians nor his academic pursuits in support of educating students and the general U.S. public about Palestine's history and culture violate any U.S. laws. Even if this Court accepts all non-conclusory allegations as true, Plaintiffs simply fail to allege a cause of action under the ATS sufficient to vest this Court with jurisdiction.

1. Plaintiffs Fail to Overcome the Presumption Against Extraterritorial Application of the ATS

The ATS creates no new cause of action under U.S. law, but rather creates jurisdiction for U.S. courts to hear extremely limited types of claims. *Nestle USA, Inc.*, 593 U.S. at 635. The Supreme Court determined that the general presumption against extraterritorial application of U.S. law applies to the ATS, and plaintiffs must first overcome that presumption to be heard in federal court. *See Kiobel v. Royal Dutch Petro. Co.*, 569 U.S. 108, 115 (2013) (explaining that a presumption against extraterritorial application of U.S. law prevents clashes that could "result in international discord"). To overcome that presumption, plaintiffs must allege actions in support of a tort that sufficiently touch and concern the United States. *Compare Mastafa v. Chevron Corp.*, 770 F.3d 170, 182-83 (2d Cir. 2014) (finding sufficient a series of financial transactions that occurred in the U.S. to enable a terrorist actor to bypass sanctions) *with Nestle USA, Inc*, 593 U.S. at 634 (finding insufficient an allegation that a company's general operational decisions are made in the United States). Here, Plaintiffs allege the actions that caused them harm took place entirely outside of the United States, and allege no domestic action proximately causing the harm. They

have not met the standard to overcome the presumption against extraterritorial application and therefore this Court has no jurisdiction over the ATS claim.

2.   Plaintiffs Fail to Plead a Violation of an International Norm Contemplated by the ATS

As described above, the Supreme Court has held a limited number of violations of international law to be cognizable under the ATS. *Sosa*, 542 U.S. at 720. Particularly, three offences against the law of nations form the basis for ATS liability: violation of safe conduct, infringement of the rights of ambassadors, and piracy. *Id.* at 723-24; *see also Nestle USA, Inc*., 593 U.S. at 637 (recognizing that Supreme Court jurisprudence and congressional activity "compel the conclusion that federal courts should not recognize private rights of action for violations of international law beyond the three historical torts identified in *Sosa*"). Where plaintiffs fail to plead a breach of a norm cognizable under the ATS, no jurisdiction exists.

Plaintiffs claim, generally, that Defendants, including Dr. Bazian, are liable under the ATS for violation of the International Convention for the Suppression of the Financing of Terrorism ("Terrorism Financing Convention"). Amend. Compl. ¶¶ 196-206. To the extent Plaintiffs allege any concrete action by Dr. Bazian that would give rise to such liability, they conclude only that "[Dr.] Bazian [has] been providing substantial assistance to Hamas for decades." Amend. Compl. at ¶ 187. Plaintiffs' sole allegation against Dr. Bazian of substantial assistance centers on his advocacy and what Plaintiffs deem his pro-Palestinian, anti-Israel positions. Plaintiffs make no other assertions of how Dr. Bazian might have violated the Terrorism Financing Convention. Regardless, this Convention does not create jurisdiction over Plaintiffs' claims because it is not an enforceable treaty under the ATS. An enforceable treaty is one that confers individual rights and is "self-executing," the Terrorism Financing Convention has neither quality. *Cornejo v. Cnty. of San Diego*, 504 F.3d 853, 856 (9th Cir. 2007) (explaining that self-executing treaties have "the

force of domestic law without the need for implementing legislation by Congress"); *see also Sosa*, 542 U.S. at 734-35 (determining no private action exists in federal courts based on the Universal Declaration of Human Rights, because it does not self-execute). The Terrorism Financing Convention, by its own language, requires parties to create legislation for its implementation, and is therefore not self-executing. International Convention for the Suppression of the Financing of Terrorism arts. 4-7, Dec. 9, 1999, 2178 U.N.T.S. 197. Plaintiffs therefore cannot rely on this convention to bring a claim under the ATS. Even if Plaintiffs alleged any action by Dr. Bazian that violated the Terrorism Financing Convention, they still fail to allege facts sufficient to provide this Court subject matter jurisdiction.

   3. Dr. Bazian's Alleged Activities Constitute First Amendment Speech and Advocacy, and Do Not Suffice to Establish Liability

The sparse allegations in Plaintiffs' Amended Complaint against Dr. Bazian complain only about First Amendment-protected speech and association, and fail to allege any connection to Hamas or Hamas' October 7 attacks. They allege merely that Dr. Bazian participated in student groups as a graduate student, and speaks at events in his capacity as an academic. Amend. Compl. at ¶¶ 42-43. Elsewhere in the Amended Complaint, Plaintiffs present the conclusory allegation that Dr. Bazian provides ongoing material support for Hamas, but provide no support for how they allege he has done so, other than characterizing his alleged advocacy as "propogandist" and "PR" activities. Amend. Compl. ¶ 75, 76, 93. Even when taken as true, these allegations fail to support the claim that Dr. Bazian took any actions to enable the October 7 attacks to happen, "with the purpose of facilitating the commission of that crime." *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 396 (4th Cir. 2011); *see also Estate of Alvarez*, 96 F.4th at 686. Plaintiffs fail to allege any facts that could establish knowledge by Dr. Bazian of Hamas' October 7 attacks. The attenuated and conclusory

allegations Plaintiffs do include do not provide this Court with jurisdiction over Plaintiffs' ATS claims.

The Fourth Circuit applies a very narrow reading of liability under the ATS, requiring that a defendant's actions meet a two-part test. A defendant may be liable for aiding and abetting under the ATS where the defendant "provides 1) practical assistance to the principal which has a substantial effect on the perpetration of the crime, and 2) does so with the purpose of facilitating the commission of that crime." *Id.* Knowledge of a crime does not suffice, and Plaintiffs here do not even allege that much against Dr. Bazian. The Amended Complaint does not allege Dr. Bazian assisted with the October 7 attacks. The assistance alleged in the Amended Complaint centers solely on his advocacy over time, characterized by Plaintiffs as serving as a propagandist. Amend. Compl. ¶ 93 (providing the conclusory allegation that "Defendants fund and act as Hamas' public relations division"). Dr. Bazian's history of speeches, conferences, and academic pursuits constitute protected free speech under the First Amendment. Plaintiffs may disagree with Dr. Bazian's views or dislike his associations, but that disagreement on its own cannot create liability.

**C.    The U.S.-Citizen Plaintiffs Fail to State a Claim Against Dr. Bazian Under the Anti-Terrorism Act**

Plaintiffs fail to reach their high burden to establish any liability for Dr. Bazian under the ATA. For liability to exist under the ATA, Plaintiffs must show that 1) they were harmed by an act of international terrorism; 2) Dr. Bazian knowingly provided assistance to the harmful act; and 3) Dr. Bazian provided substantial assistance in the harmful act. Plaintiffs do not allege facts sufficient to meet two of those three requirements. While Plaintiffs allege they were harmed by Hamas' terrorist acts on October 7, they do not allege a single act by Dr. Bazian that provided any assistance to those acts. This failure is fatal to Plaintiffs' ATA claim against Dr. Bazian. Plaintiffs label Dr. Bazian as "instrumental" in Hamas' "ongoing international terrorist activities," based

only on his support of Palestine. Amend. Compl. ¶ 93.  This unfounded and offensive leap does not fall within the framework of reasonable inferences the Court makes in a plaintiffs' favor, even under Rule 12.

1.  <u>Plaintiffs Fail to Allege Facts Showing Dr. Bazian Had Any Role in Illegal or Tortious Activity Preceding October 7</u>

The Supreme Court limits aiding and abetting liability under the ATA to "truly culpable conduct," meaning "conscious, voluntary, and culpable participation in another's wrongdoing." *Taamneh*, 598 U.S. at 490. Plaintiffs must allege that Dr. Bazian consciously participated in a wrongful act to help "make it succeed." *Id*. They fail to do so.

To avoid overbroad aiding and abetting liability under the ATA, the Supreme Court focuses its analysis on whether a defendant provided assistance to the tort for which a plaintiff seeks to impose liability. *Id*. at 489. To do otherwise would allow for "one person [to] be made a trespasser or a felon against his or her consent" due to the "overheated zeal of another." *Id*. Plaintiffs must also show that Dr. Bazian had knowledge and awareness of the specific illegal activity at issue, namely the October 7 attacks, and knowingly assisted those activities. *Leisrael v. Educ. For a Just Peace in the Middle E.*, 66 F.4th 1007, 1017 (D.C. Cir. 2023) (granting dismissal because plaintiffs pled no facts supporting defendant's awareness of the specific illegal activity). Any attenuated tie between the actor and the illegal acts does not suffice. Here, Plaintiffs plead no more than conclusory assertions that Dr. Bazian "provide[s] substantial assistance to Hamas," supported by no more than Dr. Bazian's protected speech and associations. Amend. Compl. at ¶¶ 42-43, 187. Plaintiffs do not even attempt to allege that Dr. Bazian had prior knowledge of Hamas' October 7 attacks, nor can they. To the extent that Plaintiffs attempt to create liability for Dr. Bazian based on allegations against AMP, that does not suffice to support liability against Dr. Bazian in his individual capacity, as he is sued in this case.

17

2.  Plaintiffs Fail to Allege Dr. Bazian Substantially Assisted in Hamas' October 7 Attacks

Beyond knowledge of the specific harmful act at issue, Plaintiffs must also allege that Dr. Bazian substantially assisted in Hamas' October 7 attacks. Demonstrating substantial assistance requires a plaintiff to show that the defendant's actions significantly enhanced the terrorist actor's ability to carry out the attacks. *Taamneh*, 598 U.S. at 461. A generalized, "assumed" role cannot qualify as substantial assistance. *Leisrael v. Educ. For a Just Peace in the Middle E.* 530 F. Supp. 3d 8, 15 (D.D.C. 2021). The Supreme Court recently determined that even more substantial connections, such as business contracts, may still prove inadequate under the ATA. *Atchley v. AstraZeneca UK Ltd.*, 22 F.4th 204, 210 (D.C. Cir. 2022) (holding that allegations the defendant was aware of the terrorist group's operations and still allegedly secured medical supply contracts with them to be sufficient), *vacated*, 2024 U.S. LEXIS 2785. Plaintiffs fail to plead, beyond conclusory statements, that Dr. Bazian provided any assistance to Hamas' October 7 attacks, much less substantial assistance sufficient to meet the standard for liability to attach. Therefore, this Court should dismiss Plaintiffs' ATA claim as insufficient as a matter of law.

**D.     The Non-Citizen Plaintiffs Fail to State a Claim Under the ATS**

Similarly, Plaintiffs' claims against Dr. Bazian under the ATS also fail as a matter of law. As explained above, the ATS only creates a limited set of circumstances under which a non-citizen can bring a claim. *Nestle USA, Inc.*, 593 U.S. at 630. Plaintiffs must establish that Dr. Bazian "1) provides practical assistance to the principal which has a substantial effect on the perpetration of the crime, and 2) does so with the purpose of facilitating that crime." *Aziz,* 658 F.3d at 396. As described above, Plaintiffs fail to allege that Dr. Bazian aided and abetted Hamas in any way, much less any way that would establish assistance sufficient to create liability under the ATS. Therefore, this Court should dismiss Plaintiffs' ATS claim against Dr. Bazian in full.

18

## V.   <u>CONCLUSION</u>

Dr. Bazian is a highly educated individual, widely recognized as an expert in academia in his areas of study. Plaintiffs hope this Court will afford them a broad enough brush to punish both his professional focus and his expressive viewpoint, by labeling his lawful actions within the United States as "terrorist." Yet neither the Constitution of the United States nor the legal precedent governing this Court supports that ask; to the contrary, legal precedent defeats Plaintiffs' biased efforts.

Plaintiffs failed to properly serve Dr. Bazian or establish this Court's personal jurisdiction over him. Subject to those objections, Plaintiffs also fail to plead facts sufficient to establish liability under the ATA or the ATS against Dr. Bazian. Plaintiffs do not allege that Dr. Bazian had any involvement with Hamas, any prior knowledge of Hamas' October 7 attacks, or participated in any way in those attacks. Plaintiffs allege no act by Dr. Bazian that substantially assisted Hamas' actions that caused their injuries in any way. Dr. Bazian is an academic who studies and writes about Palestine and its history and culture. He also serves on the Board of AMP, a domestic non-profit in good standing with the United States government.

Plaintiffs disagree with Dr. Bazian's views and work. They have the right to do so. They do not have the right to equate his legal and protected speech with the allegations lobbed against him. Plaintiffs' claims against Dr. Bazian fail entirely under the law; therefore, he respectfully requests this Court dismiss Plaintiffs' claims against him in their entirety with prejudice.

DATED: September 9, 2024

Respectfully Submitted,

*/s/ George R.A. Doumar*
George R.A. Doumar, VSB No. 26490
Mahdavi Bacon Halfhill & Young, PLLC
1530 Wilson Boulevard, Suite 1060
Arlington, Virginia 22209
Tel: 703-243-3737
Fax: 703-524-7610
gdoumar@doumarmartin.com

Christina A. Jump
(*pro hac vice*)
Samira S. Elhosary
(*pro hac vice*)
Constitutional Law Center
for Muslims in America[3]
100 N. Central Expy. Suite 1010
Richardson, Texas 75080
Tel: (972) 914-2507
Fax: (972) 692-7454
cjump@clcma.org
selhosary@clcma.org

COUNSEL FOR DEFENDANT
HATEM BAZIAN

---

[3] The Constitutional Law Center for Muslims in America is the legal division of the Muslim Legal Fund of America.

## CERTIFICATE OF SERVICE

I certify that on September 9, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ George R.A. Doumar
George R.A. Doumar, VSB No. 26490
Doumar Martin PLLC
1530 Wilson Boulevard, Suite 430
Arlington, Virginia 22209
Tel: 703-243-3737
Fax: 703-524-7610
gdoumar@doumarmartin.com

COUNSEL FOR DEFENDANT