IN THE UNITED STATES DISTRICT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MAYA PARIZER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 1:24-cv-00724-RDA-IDD |
| v. ) | |
| ) | |
| AJP EDUCATIONAL FOUNDATION, INC. ) | |
| a/k/a AMERICAN MUSLIMS FOR ) | |
| PALESTINE, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT ZAREFAH BAROUD'S MEMORANDUM IN SUPPORT
OF HER MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT AND FOR
ADDITIONAL TIME TO RESPOND TO THE COMPLAINT**

Defendant Zarefah Baroud, by and through her undersigned counsel, respectfully submits this Memorandum in Support of Her Motion to Set Aside the Clerk's Entry of Default and For Additional Time to Respond to the Complaint.

**BACKGROUND / PROCEDURAL HISTORY**

Plaintiffs filed their complaint on May 1, 2024. Dkt. 1. Defendant Baroud was not named as a defendant in the initial complaint. *See id.* On July 9, 2024, Plaintiffs filed a First Amended Complaint adding Defendant Baroud as a defendant. Dkt. 24. On July 11, 2024, summons was issued as to Defendant Baroud. Dkt. 30. On July 20, 2024, Plaintiffs served Defendant Baroud by substitute service at her family's home in Bothell, Washington, although at the time Ms. Baroud was out of the country. Defendant Baroud's answer or responsive pleading was therefore due on August 10, 2024.

On September 5, 2024, Plaintiffs filed a Request for Clerk's Entry of Default against Defendant Baroud, and on September 6, 2024, a Clerk's Entry of Default was entered on the

docket pursuant to Federal Rule of Civil Procedure 55(a). Dkts. 65 and 68. On September 11, 2024, the Court entered an Order directing Plaintiffs to file a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b) and a notice setting a hearing on the motion for default judgment before Magistrate Judge Ivan D. Davis. Dkt. 74. On September 17, 2024, Defendant Baroud retained undersigned counsel to represent her in this matter.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 provides that a court may, "for good cause shown," set aside an entry of default. Fed. R. Civ. P. 55(c). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal*, 616 F.3d 413, 417 (4th Cir. 2010).

The Fourth Circuit further instructs that "Rule 55(c) motions must be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Id.* at 421 (quoting *Lolatchy v. Arthur Murray*, Inc., 816 F.2d 951, 954 (4th Cir. 1987)). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge,* 411 F.2d 123, 130 (4th Cir. 1969).

"When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Colleton*, 616 F.3d at 417.

**ARGUMENT**

The factors referenced above weigh in favor of setting aside the entry of default. Defendant Baroud has a meritorious defense. Ms. Baroud, who was not named as a defendant in the initial complaint, is mentioned in only four of the 207 paragraphs of the First Amended Complaint, and the allegations made against her—that she provided media services to AMP—fail to state a claim upon which relief can be granted. *See United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) ("All that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party.").

Defendant Baroud has acted with reasonable promptness and diligence. Defendant Baroud, a resident of the state of Washington, is unfamiliar with litigation in this district and faced challenges securing counsel. Defendant Baroud was not at home when her mother was served with the summons and complaint, and returned home more than a week later. She immediately began searching for legal counsel, contacted multiple organizations and attorneys but was unable to find counsel who would agree to represent her in this case. On September 5, 2024, she was able to reach attorneys at the People's Law Office after receiving contact information from a sympathetic legal organization. The People's Law Office attorneys agreed to represent her and since none of their attorneys are licensed in Virginia, they immediately began contacting potential local counsel. After contacting more than half a dozen lawyers licensed in Virginia, undersigned counsel agreed to appear on Defendant Baroud's behalf. Courts in this district have recognized that difficulties in obtaining representation can constitute good cause for denying default. *See, e.g., Bd. of Trs. Sheet Metal Workers' Nat'l Pension Fund v. Atl. Fabrication & Coatings, LLC*, 2023 U.S. Dist. LEXIS 142478 at *4 (E.D. Va. July 6, 2023).

Plaintiffs will not be prejudiced by the delay caused by Defendant Baroud's failure to respond to the complaint. "In the context of a motion to set aside an entry of default, as in other contexts, delay in and of itself does not constitute prejudice to the opposing party … the issue is one of *prejudice to the adversary*, not merely the existence of delay." *Colleton*, 616 F.3d at 418. The posture of this case is in the early stage. Defendant American Muslims for Palestine has filed a motion to dismiss which is not yet fully briefed. Allowing Defendant Baroud an additional month to answer or otherwise respond to the complaint is not the type of delay that constitutes prejudice to the Plaintiffs.

Defendant Baroud has no history of any dilatory action in this case.

Finally, less drastic sanctions are available, particularly since no default judgment has been entered. However, since Defendant Baroud has not engaged in any abuse, bad faith, or other serious misconduct, any payment of attorney's fees would be unwarranted. *See Hensley v. Alcon Labs., Inc.*, 277 F.3d 535, 543 (4th Cir. 2002) ("[T]he district court has authority to shift attorneys fees, but... only in the extraordinary circumstances where bad faith or abuse can form a basis for doing so."). Defendant Baroud acted with due diligence in attempting to retain counsel promptly but was unfortunately unable to do so until now. It is understandable that an individual who resides in the state of Washington would have a difficult time finding a lawyer in the Eastern District of Virginia willing to accept representation. *See, e.g., Bd. of Trs. Sheet Metal Workers' Nat'l Pension Fund*, 2023 U.S. Dist. LEXIS 142478, at *3 (denying motion for attorney's fees where motion to set aside entry of default was granted).

In sum, the shortness of the delay involved, the absence of gross neglect on the part of Defendant Baroud, the lack of prejudice to the Plaintiffs, and the potential of a meritorious defense collectively establish good cause to set aside the entry of default.

## CONCLUSION

Defendant Baroud respectfully requests that the Court set aside the Clerk's Entry of Default and allow her to file an answer or otherwise respond to the complaint within 30 days or a time frame deemed reasonable by the Court.

Dated: September 20, 2024                    Respectfully submitted,

**ZAREFAH BAROUD**
By Counsel,

_____
Christopher E. Brown (VSB No. 39852)
The Brown Firm PLLC
526 King Street, Suite 213
Alexandria, VA 22314
T: 703-924-0223
F: 703-997-2362
cbrown@brownfirmpllc.com

Ben H. Elson, Esq. (IL Bar No. 6286106)
*Pro Hac Vice Pending*
Janine Hoft, Esq. (IL Bar No. 6188139)
People's Law Office
1180 N. Milwaukee Ave.
Chicago, IL 60642
T: 773-235-0070
F: 773-235-6699
ben@peopleslawoffice.com
janinehoft@peopleslawoffice.com

*Counsel for Defendant Zarefah Baroud*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 20th day of September, 2024, I filed a true copy of the foregoing with the Court's ECF system, which will send notice and a copy to all registered users.

_____
Christopher E. Brown, Esq.