# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| MAYA PARIZER, *et al.*,<br><br>PLAINTIFFS,<br><br>v.<br><br>AJP EDUCATIONAL FOUNDATION, INC. a/k/a AMERICAN MUSLIMS FOR PALESTINE, *et al.*,<br><br>DEFENDANTS. | CASE NO. 1:24-cv-00724-RDA-IDD |

### DR. HATEM BAZIAN'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS

### I.   INTRODUCTION

The U.S. Supreme Court and Fourth Circuit bar Plaintiffs' ATS and ATA claims against Dr. Hatem Bazian ("Dr. Bazian"). Without any supporting allegations of how Dr. Bazian planned or participated in the October 7 attacks, or that he did so "with the purpose of facilitating the commission of [that] crime," the Court is bound to dismiss Plaintiffs' claims with prejudice. *See Aziz v. Alcolac, Inc.,* 658 F.3d 388, 396 (4th Cir. 2011); *see also Twitter v. Taamneh,* 598 U.S. 471 (2023).

Dr. Bazian had nothing to do with the October 7 attacks, nor do Plaintiffs allege that he did. Plaintiffs' Opposition to Dr. Bazian's Motion to Dismiss misconstrues case law and asks this Court to ignore binding Fourth Circuit precedent because the Plaintiffs consider it "wrong," and in need of "correction." Doc. 92 at 14, 15. This Court may select among several reasons to properly dismiss the claims against Dr. Bazian, beginning with Plaintiffs' failure to meet even the low threshold to establish this Court's personal jurisdiction over Dr. Bazian. Even if this Court gets past the obstacles of personal and subject matter jurisdiction, Plaintiffs fail to properly state a claim

upon which relief can be granted. There are no allegations that Dr. Bazian helped plan or carry out the October 7 attacks. Plaintiffs refuse to engage with adverse Supreme Court and Fourth Circuit precedent, and instead repeat their conclusory and insufficient allegations before asking this Court to ignore binding precedent. Plaintiffs' claims against Dr. Bazian fail as a matter of law, and Dr. Bazian therefore respectfully requests this Court dismiss them with prejudice.

## II. ARGUMENT

### A. Plaintiffs Fail to Establish This Court's Personal Jurisdiction Over Dr. Bazian

1. The ATA does not confer nationwide personal jurisdiction

Plaintiffs ask this Court to take at face value their contention that the ATA should excuse the errors in their service upon Dr. Bazian, an individual who does not live in Virginia and does not have sufficient contacts with the state to satisfy due process. This Court should not just accept Plaintiffs' demand to expand the scope of the law. Plaintiffs' errors are fatal to their jurisdictional arguments.

Plaintiffs also fail to show this Court is the proper venue under the ATA. This Court must address that threshold finding and need not accept that this Court is the proper venue to litigate claims against a California resident and professor relating to attacks in Israel.

Plaintiffs failed to serve Dr. Bazian properly. As explained in Dr. Bazian's Motion to Dismiss, service upon him was defective because the summons and complaint were served upon his wife, in violation of California law, and because the summons did not list the address at which the service was made. Doc. 71 at 11. Plaintiffs incorrectly assert that per Fed. R. Civ. P. 4(e)(1), they need only comply with Virginia law, even though they did not serve Dr. Bazian in Virginia. Plaintiffs attempted service on Dr. Bazian in California, and therefore California law applies. *Trs. Of Nat'l Elec. Ben. Fund. v. LTP Contr. Grp., LLC*, Civil Case No. 8:23-cv-0456-TDC, 2023 U.S. Dist. LEXIS 167354, at *6 (D. Md. Sept. 19, 2023) (applying New York law to a defendant served

in New York). The single case Plaintiffs cite to support their contention that leaving the summons with a defendant's spouse satisfies service requirements analyzes an individual served in Virginia. Doc. 92 at 5 (citing *Santamaria v. GL Constr., Inc.*, 1:15-cv-0259, 2015 U.S. Dist. LEXIS 174819, at *3 (E.D. Va. Dec. 28, 2015)). Plaintiffs provide no authority that this method suffices under California law.

Plaintiffs also fail to support their contention that the summons was not defective even though it lists an address different from where Plaintiffs claim they achieved service outside of the jurisdiction. Relying on cases concerning a small difference in a party's name listed on the summons (the inclusion or exclusion of "Inc."), Plaintiffs assert the summons may contain defects where not prejudicial or misleading. *Id.* at 6. (citing *United States v. A.H. Fischer Lumber Co.* 162 F.2d 872, 873 (4th Cir. 1947) and *Morrel v. Nationwide Mut. Fire Ins. Co.*, 188 F.3d 218, 224 (4th Cir. 1999)). Plaintiffs' defective summons goes beyond a minor defect, as it lists an address within the Court's jurisdiction while attempting service on Dr. Bazian outside of this Court's jurisdiction. Listing the address for AMP, for which Dr. Bazian serves on the Board of Directors but at which he has never maintained an office, on a summons purportedly informing him of a lawsuit against him in his personal capacity, is inherently misleading and prejudicial. Plaintiffs' contention that "there is simply no possibility" that Dr. Bazian did not understand the summons sought to bring him personally to court lacks merit.[1] This Court should find those defects fatal, and therefore that Plaintiffs failed to serve Dr. Bazian.

---

[1] For this position, Plaintiffs rely on "188 F.2d at 224." Doc. 92 at 7. That citation leads to a Fifth Circuit case from 1951. Dr. Bazian presumes Plaintiffs intended to cite again to *Morrel*, 188 F.3d 218, 224 (4th Cir. 1999). As explained above, that case discusses a slight difference in the party's name, specifically whether the absence of "Inc." rendered it defective, and does not equate to the defect in Plaintiffs' summons here.

No court in this Circuit holds that a plaintiff must only show a defendant has sufficient minimum contacts with <u>the United States as a whole</u> to justify personal jurisdiction over a defendant in an ATA case. Plaintiffs cite only out-of-circuit cases that discuss the minimum contacts of foreign entities, which are not at all analogous to the situation here. Doc. 92 at 7. Whether a nationwide service standard applies is an issue of first impression in this Circuit; this Court should not accept Plaintiffs' invitation to extend personal jurisdiction to this extreme extent.

The correct inquiry instead examines whether Dr. Bazian has sufficient minimum contacts with the Commonwealth of Virginia. As explained in his Declaration attached to his Motion, Dr. Bazian does not have such sufficient minimum contacts. Doc. 71 at 12. Plaintiffs hope his role on the Board of Directors of AMP demonstrates sufficient minimum contacts. But Plaintiffs bring their claims against Dr. Bazian in his personal capacity, untied to any actions he may have taken in his duties with AMP. Plaintiffs allege no "direct personal involvement in a tort committed in the forum state" nor acts that have a "causal connection with the plaintiff's alleged cause of action," as Plaintiffs themselves describe the standard. Doc. 92 at 8 (citing *Columbia Briargate Co. v. First Nat'l Bank*, 713 F.2d 1052, 1063 (4th Cir. 1983)). Instead, Plaintiffs merely argue "it is reasonable to infer from these allegations that he transacts at least some business in Virginia." *Id*. But this Court well knows it need not accept as truth, even at the Rule 12 stage, "unwarranted inferences, unreasonable conclusions, or arguments." *Aruna v. S. States Corp.*, No. 1:24-cv-21, 2024 U.S. Dist. LEXIS 86413, at *4 (E.D. Va. May 10, 2024). Plaintiffs' First Amended Complaint presents no allegations that Dr. Bazian has sufficient contacts with Virginia for this Court to find personal jurisdiction for Plaintiffs' claims brought against him in his personal capacity. Plaintiffs' attempt to present sufficient minimum contacts merely through Dr. Bazian's general use of social media fares no better. Doc. 92 at 9. Plaintiffs argue that Dr. Bazian should

4

know that any social media he uses "disseminate this information operat[ing] through servers located in Virginia." *Id.* This argument would allow suit against any user of social media in courts anywhere in the country, without any reason for that individual to foresee that could happen. To do so would violate the touchstone due process standard that a party's contacts must be such that "he should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). Plaintiffs' allegations, taken as true as this Court must at this stage, fail to allege sufficient contacts by Dr. Bazian with Virginia.

    2. <u>No precedent supports using pendant personal jurisdiction for federal claims</u>

Even if this Court determines the ATA provides for personal jurisdiction over Dr. Bazian for Plaintiffs' ATA claim, the fact remains this Court lacks personal jurisdiction over Dr. Bazian for the ATS claims alleged against him. Plaintiffs attempt to bypass their requirement to establish personal jurisdiction on a claim-by-claim basis, asserting this Court may exert pendant personal jurisdiction over the ATS claims. *Contrast* Doc. 92 at 10 *with Gatekeeper Inc. v. Stratech Sys.*, 718 F. Supp. 2d 664, 667-68 (E.D. Va. 2010) (finding a violation of due process to assert jurisdiction over claims unrelated to the non-resident defendant's contacts with the state). Pendant personal jurisdiction cannot keep Plaintiffs' <u>federal</u> ATS claim in front of this Court. Courts may exercise pendant personal jurisdiction "to adjudicate <u>state</u> claims properly within the court's subject matter jurisdiction, even though that state's long-arm statute could not authorize service over the defendants with respect to the <u>state</u> claims." *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 628 (4th Cir. 1997) (emphasis added). Plaintiffs must demonstrate this Court's personal jurisdiction over Dr. Bazian for their ATS claim separate and apart from jurisdiction over their ATA claim. As the ATS does not even arguably contain any nationwide service provision, and

5

Plaintiffs' service on Dr. Bazian fails for the reasons explained above and in his Motion to Dismiss, Plaintiffs fail to establish this Court's jurisdiction over Dr. Bazian for their ATS claims.

Even if this Court sees a basis to assume jurisdiction over a federal claim based on its jurisdiction over a separate federal claim, it should still refuse to do so. *Id*. (explaining courts may exercise pendant personal jurisdiction "in furtherance of judicial economy, convenience, and fairness to the litigants"). Clear Congressional history shows Congress expressly intended to limit the relief provided by the ATA to U.S. nationals. *Jesner v. Arab Bank, PLC*, 584 U.S. 241, 267 (2018). The Supreme Court reiterated that limitation, specifying its ruling does not allow "foreign plaintiffs [to] bypass Congress' express limitations on liability under the Anti-Terrorism Act simply by bringing an ATS lawsuit." *Id.* at 268. This Court need not allow non-citizen plaintiffs to bypass Congress relying solely on the purported nationwide service provision of the ATA as the only support for jurisdiction over Dr. Bazian.

**B.      Plaintiffs Fail to State a Claim Under the ATA**

    1.   <u>Plaintiffs fail to state a claim against Dr. Bazian in his individual capacity</u>

Dr. Bazian is a college lecturer in California and had nothing to do with the October 7 attacks. Plaintiffs fail to properly assert a claim under the ATA against Dr. Bazian personally based entirely on acts they allege he took in his capacity as a director for AMP or acts they allege AMP took. *See generally* Doc. 92 at 11. The law does not support that argument. Allegations of actions taken in the scope of his role with AMP may arguably support a claim against AMP itself; for those arguments and to the extent relevant as to this Motion, Dr. Bazian relies on and incorporates AMP's Motion to Dismiss and Reply. Docs. 34 and 101. Neither AMP nor Dr. Bazian individually did anything to plan or participate in the October 7 attacks, and the First Amended Complaint is devoid of any facts describing how, when, or where AMP or Dr. Bazian helped plan or participated in the October 7 attacks. Plaintiffs' First Amended Complaint contains no allegations against Dr.

Bazian sufficient to state an ATA claim against him, nor even any allegations of actions he may have taken in the scope of his role with AMP. *Abecassis v. Wyatt*, 785 F. Supp. 2d 614, 650 (S.D. Tex. 2011) (finding a complaint sufficiently alleging an employee committed acts in the scope of his employment to be sufficient to hold his employer liable, where the employee already pled guilty to the underlying acts); *Revolon Monterey Energy LLV v. Peak Operator*, No. CV 13-7048 PSG, 2014 U.S. Dist. LEXIS 194927, at *13 (C.D. Cal. Sept. 18, 2014) (determining that an individual could be held individually liable "for the actions he took," rather than imputing them only to his company). Plaintiffs here make the unprecedented argument that "in addition to [Dr. Bazian's] responsibilities as part of AMP's senior management, [Dr.] Bazian 'personally directed and/or engaged in nearly all' of AMP and NSJP's activities in support of Hamas." Doc. 92 at 12 (quoting *Trans-Radial Sols., LLC v. Burlington Med., LLC*, Civil No. 2:18-cv-656, 2019 U.S. Dist. LEXIS 131711, at *13 (E.D. Va. Aug. 5, 2019)). However, Plaintiffs' First Amended Complaint is devoid of allegations about what Dr. Bazian's "responsibilities as part of AMP's senior management" may be nor how he directed or engaged in any acts by AMP or NSJP. Considering the allegations as pled, Plaintiffs fail to make a case against Dr. Bazian in his personal capacity.

  2. <u>Plaintiffs fail to address applicable Supreme Court precedent</u>

Plaintiffs refuse to address the standard set by the Supreme Court for finding liability under the ATA. Doc. 92 at 11. The Supreme Court plainly articulated that a defendant may be found liable only where "they consciously and culpably participated in a tortious act in such a way as to help make it succeed." *Twitter, Inc. v. Taamneh*, 598 U.S. 471, 497 (2023) (internal quotations omitted)(emphasis added). Plaintiffs state that they have shown that AMP and Dr. Bazian "directly assisted the October 7 attack." Doc. 92 at 11. But the First Amended Complaint is entirely devoid of any such allegation. There is no allegation that Dr. Bazian or AMP participated in that attack,

7

helped execute it, helped plan it, or provided any weapons or any other material items to Hamas, ever. Nor can there be, because Dr. Bazian did none of these things.

Plaintiffs, also for the first time in their Response, allege that AMP and Dr. Bazian may be liable for "all of Hamas's crimes" – a scope of liability beyond all authority. Doc 92 at 11. At the least, under the ATA, Plaintiffs have to plead an even higher level of "pervasive and systemic aid" and "culpable participation through intentional aid that substantially furthered the tort." *Taamneh*, 598 U.S. at 506. Plaintiffs' conclusory allegations and unsupported arguments do not meet the standard to state a claim under binding Supreme Court precedent.

C.  **Plaintiffs Fail to State a Claim Under the ATS**

Plaintiffs admit that the Fourth Circuit bars their ATS claim. They explicitly state that the Fourth Circuit's standard is "wrong," and an "error" that requires correction, and that this Court should therefore ignore it. Doc. 92 at 14, 15. Plaintiffs previously stated that the Fourth Circuit's decisions were not only "wrong," but recommended that this Court adopt the Ninth Circuit's views, which this Court cannot do. Doc. 85 at 36, 37. On this admission alone, the Court must dismiss Plaintiffs' claims with prejudice.

Regardless of whether Plaintiffs like the standard to state a claim under the ATS, they must show that Dr. Bazian, in his individual capacity, "acted with the purpose of facilitating the violation of an international norm." *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 398 (4th Cir. 2011). Far from backing down from this standard, the Fourth Circuit this year reinforced its holding that "to establish aiding and abetting liability in an ATS claim, [plaintiffs] must show that a defendant '(1) provided practical assistance to the principal which has a substantial effect on the perpetration of the crime, and (2) did so with the purpose of facilitating the commission of that crime.'" *Estate of Alvarez v. Rockefeller Found.*, 96 F.4th 686, 693 (4th Cir. 2024) (quoting *Aziz*, 658 F.3d at 396)). The

8

Plaintiffs characterize Dr. Bazian's advocacy for Palestinians as equal to propaganda for Hamas, but even that is not practical assistance that had a substantial effect on October 7, nor was any such advocacy undertaken for the purpose of committing the October 7 attacks. Plaintiffs do not allege that Dr. Bazian provided any weapons, funds or any other practical assistance to Hamas. Plaintiffs fail to meet this standard, and cannot excuse that failure by refusing to accept binding Fourth Circuit law.

D.    **The First Amendment Bars Plaintiffs' Claims**

Dr. Bazian raised First Amendment issues throughout his initial brief, with citations to paragraphs from Plaintiffs' First Amended Complaint that attempt to tie Dr. Bazian's liability to his speech. *See, e.g.,* Doc. 71 at 15. Plaintiffs do not allege speech by Dr. Bazian that exceeds the protections of the First Amendment. They merely make the conclusory assertion that "the Constitution does not protect providing terrorists with propaganda and recruiting services." Doc. 92 at 15.

The Supreme Court in *Snyder v. Phelps* rejected otherwise valid tort claims as a matter of law, stating that the First Amendment barred such claims even in the face of obviously offensive speech and conduct in disrupting a family's funeral for their military son using outrageous taunts and behavior. 562 U.S. 443 (U.S. 2011). Similarly, in *NAACP v. Claiborne Hardware*, the Court upheld free speech protections and dismissed tort claims even in the face of challenges that defendant protestors had used intimidation, coercion, and even threats of violence in support of merchant boycotts. 458 U.S. 886 (1982). All of Dr. Bazian's alleged improper activity constitutes protected speech well within the confines of the First Amendment. A person's constitutional rights are not abrogated because a person advocates for a disfavored cause; in fact, in such circumstances, constitutional protections are more important. The First Amendment encourages the propagation

9

of different points of view, not their suppression. Simply asserting that because Dr. Bazian advocates for Palestinians must mean he aligns with Hamas for liability purposes is nonsense.

If this Court requests additional briefing on the First Amendment issues raised in Dr. Bazian's Motion to Dismiss, he will gladly provide it. Regardless, the fact that Plaintiffs cite to Dr. Bazian's briefing evinces the fact that he did make and therefore preserves the argument.

**E.      Amendment Would Be Futile as Well as Prejudicial**

Dismissal with prejudice is the only appropriate remedy for the incurable defects in Plaintiffs' First Amended Complaint. Plaintiffs only raise the issue of amendment in a footnote at the end of their Response and refer to a paragraph at the end of their combined opposition. Doc. 92 at 15, n.8. Neither cursory attempt meets the standard for requesting leave to amend under Fed. R. Civ. P. 7(b). Plaintiffs never explicitly move to amend, nor enclose a proposed Second Amended Complaint for this Court's review. Plaintiffs do not state with particularity the grounds for their request to dismiss in response to Dr. Bazian's Motion to Dismiss. Even if this Court accepts their reference by incorporation to their joint opposition, those arguments fail as well. Plaintiffs presented this Court with two extensive complaints outlining their allegations, belying their contention that this case "is in its infancy." Doc. 85 at 39. The docket entries in this matter already exceed 100. Further, amendment cannot cure the jurisdictional defects in Plaintiffs' Complaint, as no facts exist to support the required elements of the law Plaintiffs attempt to fill with conclusory statements and irrational assumptions. Despite seventy-eight pages of inflammatory language, Plaintiffs fail to allege plausible claims for relief against Dr. Bazian. He therefore respectfully requests this Court should dismiss the claims against him in their entirety, with prejudice.

### III.   CONCLUSION

Dr. Bazian respectfully requests this Court dismiss the claims against him with prejudice, as Plaintiffs have not and cannot sufficiently plead their claims against him even after two very lengthy complaints and extensive briefing. Instead of applying the high standards set by this Circuit and the Supreme Court for claims under the ATA and ATS, Plaintiffs ask this Court to bend those standards and instead reiterate their absurd conclusions. Plaintiffs are free to sue Hamas and Iran. But our laws do not allow for that misplaced blame Plaintiffs attempt to assign here, and this Court should not indulge that attempt.

Dated: September 30, 2024.              Respectfully submitted,

/s/ George R.A. Doumar
George R.A. Doumar, VSB No. 26490
Doumar Martin PLLC
1530 Wilson Boulevard, Suite 1060
Arlington, Virginia 22209
Tel: 703-243-3737
Fax: 703-524-7610
gdoumar@doumarmartin.com

Christina A. Jump
(*pro hac vice*)
Samira S. Elhosary
(*pro hac vice*)
Constitutional Law Center
for Muslims in America[2]
100 N. Central Expy. Suite 1010
Richardson, Texas 75080
Tel: 972-914-2507
Fax: 972-692-7454
cjump@clcma.org
selhosary@clcma.org

COUNSEL FOR DEFENDANT
DR. HATEM BAZIAN

---

[2] The Constitutional Law Center for Muslims in America is the legal division of the Muslim Legal Fund of America.

## **CERTIFICATE OF SERVICE**

I certify that on September 30, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ George R.A. Doumar
George R.A. Doumar, VSB No. 26490
Doumar Martin PLLC
1530 Wilson Boulevard, Suite 1060
Arlington, Virginia 22209
Tel: 703-243-3737
Fax: 703-524-7610
gdoumar@doumarmartin.com

COUNSEL FOR DEFENDANT
DR. HATEM BAZIAN