**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| MAYA PARIZER, *et al.*,<br><br>    PLAINTIFFS,<br><br>    v.<br><br>AJP EDUCATIONAL FOUNDATION, INC.<br>a/k/a AMERICAN MUSLIMS FOR<br>PALESTINE, *et al.*,<br><br>    DEFENDANTS. | CASE NO. 1:24-cv-00724-RDA-IDD |

**MEMORANDUM IN SUPPORT OF**
**DR. OSAMA ABUIRSHAID'S MOTION TO DISMISS**

## TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................. ii

TABLE OF AUTHORITIES ........................................................................................... iv

I.       INTRODUCTION ................................................................................. 1

    A.   Plaintiffs' Claims Against Dr. Abuirshaid Fail Under the ATS ..................................... 1

    B.   Plaintiffs' Claims Against Dr. Abuirshaid Fail Under the ATA ................................... 2

    C.   Plaintiffs Attempt to Suppress Protected Speech.......................................................... 2

II.      FACTS AND PROCEDURAL HISTORY ......................................... 3

III.     STANDARDS OF REVIEW ............................................................... 5

    A.   Federal Rule of Civil Procedure 12(b)(1) ...................................................................... 5

    B.   Federal Rule of Civil Procedure 12(b)(6) ...................................................................... 6

    C.   Judicial Notice ................................................................................................................ 7

    D.   The Anti-Terrorism Act, 18 U.S.C. § 2333(d).............................................................. 8

    E.   The Alien Tort Statute, 28 U.S.C. § 1350...................................................................... 8

IV.      ARGUMENT ........................................................................................ 9

    A.   This Court Lacks Subject Matter Jurisdiction Under the ATS ..................................... 10

        1.   Plaintiffs Fail to Overcome the Presumption Against Extraterritorial Application
             ..................................................................................................................... 10

        2.   Plaintiffs Fail to Plead a Recognized Violation of an International Norm......... 11

        3.   Courts Lack Discretion to Create New Paths Under the ATS......................... 133

    B.   The U.S.-Citizen Plaintiffs Fail to State a Claim Under the Anti-Terrorism Act......... 13

        1.   Plaintiffs Fail to Allege Any Activity Preceding October 7.............................. 14

        2.   Plaintiffs Fail to Allege Dr. Abuirshaid Substantially Assisted Hamas' Attacks
             ..................................................................................................................... 155

    C.   The Non-Citizen Plaintiffs Fail to State a Claim Under the ATS................................. 15

    D.   Plaintiffs Attempt to Suppress Protected Speech.......................................................... 17

V.          CONCLUSION ................................................................................................. 18

CERTIFICATE OF SERVICE.................................................................................................. 20

# TABLE OF AUTHORITIES

<u>**Cases**</u>

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ........................................................................................................ 6

*Atchley v. AstraZeneca UK Ltd.*
    22 F.4th 204 (D.C. Cir. 2022) ....................................................................................... 15

*Aziz v. Alcolac, Inc.*
    658 F.3d 388 (4th Cir. 2011) ............................................................................. 9, 15, 17

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007) ........................................................................................................ 6

*Bryant v. Udell & Assocs.*
    2023 U.S. Dist. LEXIS 140767 (E.D. Va. Aug. 11, 2023) ........................................... 6

*Clark v. Trans Union, L.L.C.*
    2016 U.S. Dist. LEXIS 170720 (E.D. Va. Dec. 9, 2016) .............................................. 7

*Cornejo v. Cnty. of San Diego*
    504 F.3d 853 (9th Cir. 2007) ....................................................................................... 12

*EEOC v. St. Francis Xavier Parochial Sch.*
    117 F. 3d 621 (D.C. Cir. 1997) ..................................................................................... 7

*Est. of Alvarez v. Rockefeller Found.*
    96 F.4th 686 (4th Cir. 2024) .................................................................................... 9, 17

*Goldfarb v. Mayor of Balt.*
    791 F.3d 500 (4th Cir. 2015) ......................................................................................... 7

*Jesner v. Arab Bank, Pub. Ltd. Co.*
    584 U.S. 241 (2018) ......................................................................................... 11, 12, 13

*Keren Kayemeth Leisrael-Jewish Nat'l Fund v. Educ.*
    530 F. Supp. 3d 8 (D.D.C. 2021) ................................................................................ 15

*Khai Bui v. Caballero*
    2024 U.S. Dist. LEXIS 43823 (E.D. Va. Mar. 12, 2024) ......................................... 5, 6

*Kiobel v. Royal Dutch Petro. Co.*
    569 U.S. 108 (2013) ..................................................................................................... 10

*Leisrael v. Educ. for a Just Peace in the Middle E.*
    66 F.4th 1007 (D.C. Cir. 2023) ................................................................................ 8, 14

*Mastafa v. Chevron Corp.*
    770 F.3d 170 (2d Cir. 2014) ........................................................................................ 10

*NAACP v. Claiborne Hardware*
    458 U.S. 886 (1982) ..................................................................................................... 17

*Nestle USA, Inc. v. Doe*
   593 U.S. 628 (2021).......................................................................................... passim

*Nye & Nissen v. United States*
   336 U.S. 613 (1949) ................................................................................................ 13

*Rodney Mills v. City of Norfolk*
   2020 U.S. Dist. LEXIS 241340 (E.D. Va. Dec. 22, 2020) ...................................... 7

*Rosemond v. United States*
   572 U.S. 65 (2014) .................................................................................................... 8

*Snyder v. Phelps*
   562 U.S. 443 (2011) ................................................................................................ 17

*Sosa v. Alvarez-Machain*
   542 U.S. 692 (2004) ................................................................................. 9, 10, 11, 12

*Twitter, Inc. v. Taamneh*
   598 U.S. 471 (2023) ...................................................................................... 8, 13, 14

*Wahi v. Charleston Area Med. Ctr., Inc.*
   562 F.3d 599 (4th Cir. 2009) .................................................................................... 6

*Warth v. Seldin*
   422 U.S. 490 (1975) .................................................................................................. 5

## Statutes

18 U.S.C. § 2333(a) ...................................................................................................... 13

18 U.S.C. § 2333(d)(2) .................................................................................................... 8

31 U.S.C. § 5311 ........................................................................................................... 13

## Rules

31 CFR pt. 595 (2017) .................................................................................................. 13

Fed. R. Evid. 201(b) ....................................................................................................... 7

Fed. R. Evid. 201(c)(2) ................................................................................................... 7

I.      **INTRODUCTION**

Dr. Osama Abuirshaid ("Dr. Abuirshaid") is a nationally recognized expert on Palestinian and Middle Eastern affairs as well as American politics and foreign affairs. He authored or coauthored several books and published dozens of studies in English and Arabic on these issues. He holds a Ph.D. in Political Science from Loughborough University, and regularly travels nationally and internationally to speak at institutions and events on topics within his areas of expertise. Dr. Abuirshaid also serves as the Executive Director for AJP Educational Foundation, Inc. d/b/a American Muslims for Palestine ("AMP") as well as a member of its Board of Directors, and previously served as AMP's National Policy Director. He is also a board member of the U.S. Council of Muslim Organizations ("USCMO"), an umbrella organization of 49 major American Muslim organizations.

To dispel any doubt, although this statement should not be necessary for him to make, Dr. Abuirshaid does not support Hamas, any other terrorist group, or any terrorist actions. Plaintiffs nonetheless hope to hold Dr. Abuirshaid liable for the harms they suffered due to the actions of Hamas, based merely on his role with AMP and his constitutionally protected speech and association. Plaintiffs fail to plead any facts that tie Dr. Abuirshaid to the October 7 terrorist attacks by Hamas in any way, and their claims therefore fail as a matter of law. Dr. Abuirshaid respectfully requests this Court dismiss Plaintiffs' claims against him in full, with prejudice.

A.      **Plaintiffs' Claims Against Dr. Abuirshaid Fail Under the ATS**

The non-U.S. citizen Plaintiffs fail to allege facts sufficient to allow this Court to exercise subject matter jurisdiction over their claims under the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350. Plaintiffs fail to overcome the presumption against extraterritorial application of U.S. law and fail to allege a violation of an international norm within the narrow scope of the ATS created by Supreme Court and Fourth Circuit case law. In the alternative, if this Court determines it does

have jurisdiction over Plaintiffs' ATS claim, Plaintiffs still fail to allege a claim under the ATS upon which relief can be granted. They do not allege that Dr. Abuirshaid participated in the attacks on October 7, or provided Hamas with substantial assistance in committing those attacks. And like most of the world, Dr. Abuirshaid had no prior knowledge of the October 7 attack, a key element of the ATS.

**B.    Plaintiffs' Claims Against Dr. Abuirshaid Fail Under the ATA**

The U.S. citizen Plaintiffs equally fail to properly plead a claim against Dr. Abuirshaid upon which relief could be granted under the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333(d). Plaintiffs allege merely that Dr. Abuirshaid expressed constitutionally protected speech and participated in constitutionally protected association with groups and individuals, within the United States. None of these allegations suffice to meet the limited scope of "aiding and abetting" liability Congress established in the ATA. Plaintiffs do not allege facts that could show Dr. Abuirshaid had prior knowledge of Hamas' attacks on October 7. Plaintiffs do not allege facts that could show Dr. Abuirshaid participated in the October 7 attacks. Plaintiffs do not allege facts that could show Dr. Abuirshaid provided any assistance to Hamas with the intent of substantially assisting the October 7 attacks. Plaintiffs' Amended Complaint lacks any factual allegations that tie Dr. Abuirshaid to the acts that caused Plaintiffs' injuries, and he therefore respectfully requests this Court dismiss Plaintiffs' ATA claim.

**C.    Plaintiffs Attempt to Suppress Protected Speech**

Despite lip service to the contrary, Plaintiffs' First Amended Complaint attempts to suppress constitutionally protected speech and association by Dr. Abuirshaid and other defendants. The law protects even speech and opinions Plaintiffs do not like, as long as expressed within legal parameters. Plaintiffs do not allege Dr. Abuirshaid exceeded those parameters other than by

2

making vague and conclusory allegations; those types of allegations fail under the law. Governing precedent does not permit use of the legal system to suppress or punish protected speech or associations, and this Court should not allow Plaintiffs' attempt to do so here.

## II.   FACTS AND PROCEDURAL HISTORY

As this Court has already had the opportunity to become well aware of the facts of this case, Dr. Abuirshaid recites here only the facts alleged against him. Dr. Abuirshaid currently serves as the Executive Director of AMP and on its Board of Directors. First Amended Complaint at ¶ 14, Doc. 24 ("Amend. Compl."). He is a scholar and academic who researches issues of Middle Eastern affairs and American foreign policy. He completed his Ph.D. thesis on "The Dialectic of Religion and Politics in Hamas' Thought and Practice," for which he relied primarily on historical records and interviews done by third parties. *Id.* ¶ 38 (citing Osama Abuirshaid, The Dialectic of Religion and Politics in Hamas' Thought and Practice (March 22, 2013) (Ph.D. thesis, Loughboro University)).[1] He also travels extensively, speaking at events around the world on his areas of expertise. *Id.* ¶¶ 39-40.

The bulk of Plaintiffs' allegations recite events that occurred after the October 7 attacks that caused Plaintiffs' harms, and Plaintiffs tie none to Dr. Abuirshaid. *Id.* ¶¶ 78-153. There are no allegations that Dr. Abuirshaid knew about, planned, or participated in the October 7 attacks. Instead, Plaintiffs allege generally that Dr. Abuirshaid "publicly supports Hamas and the Muslim Brotherhood and frequently promote [sic] Hamas and its affiliates' terrorist goals in Arab media," but provide no support for this conclusion. *Id.* ¶ 41. They also assert the conclusion that "[t]here is no indication that AMP, NSJP, or the individuals affiliated with them (including Bazian and

---

[1] Dr. Abuirshaid's thesis is publicly available and describes in detail the extent of his contact with Hamas leaders for the purposes of his academic research. No court, in either the U.S. or the U.K. where he completed his Ph.D., ever held him criminally or civilly liable—or even charged him— for any actions in pursuit of his academic research.

Abuirshaid) ever ceased providing material support to Hamas and its affiliates." *Id* ¶ 66. To the extent Plaintiffs generally allege "Defendants" participated in or encouraged any acts after October 7, this generalized allegation fails to properly support a claim against Dr. Abuirshaid in his individual capacity.[2] Again, Plaintiffs never allege that Dr. Abuirshaid participated in or orchestrated any act of violence that caused them harm.

Plaintiffs lift most of their pre-October 7 allegations, in some cases nearly verbatim, from the First Amended Complaint in the *Boim v. AMP* matter pending before the Northern District of Illinois.[3] Those as-yet unproven allegations relate to a claim for liability based on events that took place in 1996, far removed from the October 7 attacks that caused Plaintiffs' harms. *Id*. ¶¶ 28-31. Any conclusions derived from those allegations have no bearing on Plaintiffs' claims against Dr. Abuirshaid in this lawsuit.

Without making clear how any allegations against Dr. Abuirshaid relate to their claim for harm resulting from Hamas's October 7, 2023 terrorist attacks, Plaintiffs refer to a May 29, 2024 letter from the House Committee on Oversight and Accountability Chairman James Comer to Dr. Abuirshaid that requested information about Defendant NSJP's activities. *Id.* ¶ 164-166. Plaintiffs present quotes from that letter reflecting the Chairman's requests and concerns, though nothing alleged relates to Plaintiffs' claims. *Id.*[4] This Court therefore need not consider these superfluous statements.

---

[2] Plaintiffs impermissibly merge "Defendants" throughout their First Amended Complaint, despite the required specificity for pleadings to survive a Motion to Dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[3] First Amended Complaint for Declaratory and Monetary Judgment, *Boim et al. v. American Muslims for Palestine et al.*, No. 17-cv-03591 (N.D. Ill. Dec. 17, 2019), ECF No. 179.

[4] Plaintiffs omit that AMP responded to the requests from the House Committee, reiterating it does not maintain any records for or on behalf of NSJP. Those responses by AMP sufficed to end the inquiry into AMP on the topic. Nonetheless, even without that relevant fact, Plaintiffs' inclusion of the mere existence of the request does nothing to aid their claims.

Plaintiffs' Amended Complaint rightly assigns blame for the October 7, 2023 terrorist attacks in Israel to Hamas, with likely assistance from other state actors. *Id.* ¶ 23. Instead of targeting those actors whom Plaintiffs acknowledge perpetrated the attacks, Plaintiffs direct their efforts against AMP and individuals associated with AMP, including Dr. Abuirshaid. *Id.* ¶ 67. Neither Dr. Abuirshaid's activities as a researcher and lecturer, nor as Executive Director of AMP, render him responsible to Plaintiffs under any laws of the United States. Plaintiffs' claims against him fail as a matter of law under both Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The extent of Plaintiffs' allegations against Dr. Abuirshaid boil down to the conclusory assertion that "AMP, NSJP, [Dr.] Abuirshaid, and [Dr.] Bazian have been providing substantial assistance to Hamas for decades"—an unsupported conclusion which fails to support Plaintiffs' claims against Dr. Abuirshaid under any theory of law. *Id.* ¶ 187.

Plaintiffs filed their Complaint on May 1, 2024, naming only organizational defendants. Doc. 1. Dr. Abuirshaid accepted service for AMP in his capacity as Executive Director of the organization on May 6, 2024. Doc 8. Plaintiffs amended their complaint on July 9, 2024, adding individual defendants including Dr. Abuirshaid. Doc. 24. Plaintiffs first filed a duplicate Affidavit of Service reflecting Dr. Abuirshaid's acceptance of service on behalf of AMP, which predates the existence of the claims against him. Doc. 39. Subsequently, Plaintiffs served Dr. Abuirshaid in his personal capacity on September 11, 2024. Doc. 75. Dr. Abuirshaid now respectfully submits this Motion to Dismiss the claims against him in full.

## III.   STANDARDS OF REVIEW

### A.   Federal Rule of Civil Procedure 12(b)(1)

If a court has no subject matter jurisdiction to hear a claim, it must dismiss that claim. *Khai Bui v. Caballero*, No. 1:23-cv-819 (RDA/IDD), 2024 U.S. Dist. LEXIS 43823, at *2 (E.D. Va. Mar. 12, 2024). Where a defendant challenges the court's subject matter jurisdiction, the burden

falls on the plaintiff to show that jurisdiction exists. *Id.* at *2-3 (explaining that complainants must allege sufficient facts to show they may "invoke judicial resolution of the dispute and the exercise of the court's remedial powers") (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). Federal courts are courts of limited jurisdiction, and may not hear claims not properly in front of them. *Bryant v. Udell & Assocs.*, No. 1:23-cv-00414 (AJT/LRV), 2023 U.S. Dist. LEXIS 140767, at *5 (E.D. Va. Aug. 11, 2023) (recognizing federal court jurisdiction derives from the Constitution and federal statutes).

A defendant may challenge the court's jurisdiction in either of two ways. A facial challenge argues that the complaint on its face fails to support jurisdiction. Courts take all facts alleged to be true when considering these challenges, with the exclusion of conclusory statements and legal conclusions. *Khai Bui*, 2024 U.S. Dist. LEXIS 43823, at *3. A defendant may also challenge the court's subject matter jurisdiction over the case irrespective of the pleadings, and in this circumstance the presumption of truth does not attach to the allegations asserted. *Id.*

## B.       Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss pursuant to Rule 12(b)(6), Plaintiffs must show their Complaint contains sufficient factual allegations that, if accepted as true at this stage, state a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Claims are facially plausible when plaintiffs plead factual content that allows the court to draw reasonable inferences that the defendant could be liable for the misconduct alleged, if the allegations ultimately prove true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facts alleged in a complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. Courts need not accept as true "legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Aruna v. S. States Corp.*, No. 1:24-cv-21

(RDA/WEF), 2024 U.S. Dist. LEXIS 86413, at *4 (E.D. Va. May 10, 2024) (quoting *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 (4th Cir. 2009)) (internal quotation marks omitted). In evaluating at 12(b)(6) motion to dismiss, courts generally restrict their review to the "four corners of the complaint." *Id.* (citing *Goldfarb v. Mayor of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015)).

**C.    Judicial Notice**

In addition to the facts alleged in a complaint and documents attached to or incorporated into a complaint, courts may consider matters of which courts may properly take judicial notice. *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F. 3d 621, 624-25 (D.C. Cir. 1997). Matters properly subject to judicial notice include those "(1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). If a party requests a court take judicial notice of a qualifying fact and supplies the necessary information, the court "must" take judicial notice of that fact. Fed. R. Evid. 201(c)(2); *Rodney Mills v. City of Norfolk*, No. 2:20CV521 (RCY), 2020 U.S. Dist. LEXIS 241340, at *10 (E.D. Va. Dec. 22, 2020); *see also Summit Cmty. Bank v. David*, 629 B.R. 804, 814 (E.D. Va. 2021) (holding courts cannot take judicial notice of disputed facts).

Dr. Abuirshaid objects to this Court taking judicial notice of any exhibits attached to Plaintiffs' Amended Complaint to the extent they relate to allegations against Dr. Abuirshaid, because Plaintiffs do not establish the source of each. Each exhibit's accuracy remains reasonably in question. *Clark v. Trans Union, L.L.C.*, No. 3:15cv391, 2016 U.S. Dist. LEXIS 170720, at *10 (E.D. Va. Dec. 9, 2016) (refusing judicial notice of materials where the party "made no attempt to certify this docket sheet as a public record, or to offer any witness regarding its authenticity"). Dr.

Abuirshaid also objects to this Court taking judicial notice of any allegations in the *Boim v. AMP* complaint, as those allegations remain both highly contested and lack relevance to the claims in this case. *See Summit Cmty. Bank*, 629 B.R. at 814 (concluding "the Court cannot find that the Bankruptcy Court's error in considering these extrinsic facts was harmless").

### D.       The Anti-Terrorism Act, 18 U.S.C. § 2333(d)

The ATA creates a cause of action for U.S. nationals who are injured by acts of international terrorism, against "any person who aids and abets, by knowingly providing substantial assistance" to the actor who committed the act of international terrorism. 18 U.S.C. § 2333(d)(2). Plaintiffs must plead facts sufficient to show the defendant took "some 'affirmative act' 'with the intent of facilitating the offense's commission'" *Twitter, Inc. v. Taamneh*, 598 U.S. 471, 490 (2023) (quoting *Rosemond v. United States*, 572 U.S. 65, 71 (2014)). Plaintiffs also bear the burden to establish that a defendant was "generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance" and that the defendant "knowingly and substantially assist[ed] the principal violation." *Leisrael v. Educ. for a Just Peace in the Middle E.*, 66 F.4th 1007, 1016 (D.C. Cir. 2023); *see also Taamneh*, 598 U.S. at 495 (finding insufficient the claim that a defendant assisted a "transcendent 'enterprise' separate from and floating above all the actionable wrongs that constitute it"). Plaintiffs fail to plead that Dr. Abuirshaid took a single affirmative action with any intent to facilitate Hamas' October 7 attacks, or aided and abetted those attacks in any way.

### E.       The Alien Tort Statute, 28 U.S.C. § 1350

The ATS creates no new cause of action, and instead provides an extremely limited avenue for non-U.S. citizens to bring civil lawsuits in the United States against U.S. actors, for torts that cause harm cognizable as serious violations of international law. 28 U.S.C. § 1350. Non-U.S.

citizen plaintiffs must allege a violation of one of a "handful of heinous actions--each of which violates definable, universal and obligatory norms." *Sosa v. Alvarez-Machain*, 542 U.S. 692, 732 (2004). Plaintiffs must also allege domestic conduct sufficiently connected to the harm they suffered, in order to overcome the presumption against extraterritorial application of U.S. law. *Nestle USA, Inc. v. Doe*, 593 U.S. 628, 634 (2021). Plaintiffs here allege no facts fitting within the limited delineated actions, and allege no U.S.-based conduct by Dr. Abuirshaid that proximately caused the October 7 attacks that harmed them.

Under governing Fourth Circuit precedent, plaintiffs must show a defendant (1) provides practical assistance to the principal which has a substantial effect on the perpetration of the crime, and (2) does so with the purpose of facilitating that crime. *Aziz*, 658 F.3d at 396. Even knowledge of a crime itself does not suffice. *Id*; *see also Est. of Alvarez v. Rockefeller Found.*, 96 F.4th 686 (4th Cir. 2024) (Quoting *Aziz* with approval). Plaintiffs come nowhere close to alleging the necessary elements to establish liability under the ATS as to Dr. Abuirshaid.

## IV.    ARGUMENT

This Court has no subject matter jurisdiction over Plaintiffs' ATS claims, and Plaintiffs fail to state a claim upon which relief could be granted for either the ATS or ATA claim. Plaintiffs fail to allege any actions by Dr. Abuirshaid in support of Hamas' October 7 attacks, much less actions that would support allegations of substantial assistance to the terrorist organization. Plaintiffs present only threadbare allegations against Dr. Abuirshaid in their Amended Complaint; to the extent that Plaintiffs allege Dr. Abuirshaid is liable under either theory of liability merely because of his role with AMP, or because of allegations against "Defendants" in general, this Motion incorporates and relies on the arguments presented in AMP's currently pending Motion to Dismiss.

A.      **This Court Lacks Subject Matter Jurisdiction Under the ATS**

Plaintiffs allege no facts sufficient to tie any U.S.-based actions by Dr. Abuirshaid to the attacks of October 7, precluding this Court's subject matter jurisdiction over this claim. As an initial matter, Plaintiffs fail to overcome the presumption against extraterritorial application of U.S. law by failing to create "a sufficient connection between the cause of action respondents seek" here, material support to terrorism, and any domestic conduct by Dr. Abuirshaid. *Nestle USA, Inc.*, 593 U.S. at 634. Additionally, the actions Plaintiffs do allege as to Dr. Abuirshaid do not fall within one of the limited violations of international law articulated by the Supreme Court for claims under the ATS, and this Court should not accept Plaintiffs' invitation to create a new path. *Sosa*, 542 U.S. at 712. Neither Dr. Abuirshaid's advocacy for Palestinians nor his academic pursuits in support of educating others about Palestine's history and culture violates any U.S. laws. Even if this Court accepts all non-conclusory allegations as true, Plaintiffs simply fail to allege facts sufficient to support an ATS claim sufficient to vest this Court with jurisdiction.

1.      Plaintiffs Fail to Overcome the Presumption Against Extraterritorial Application

The ATS creates no new causes of action and instead provides jurisdiction for U.S. courts to hear extremely limited types of claims. *Nestle USA, Inc.*, 593 U.S. at 635. The Supreme Court makes the general presumption against extraterritorial application of U.S. law clear, and that it continues to apply to claims brought under the ATS. *See Kiobel v. Royal Dutch Petro. Co.*, 569 U.S. 108, 115 (2013) (crediting the presumption against extraterritorial application of U.S. law as preventing clashes that could "result in international discord"). To overcome this adverse presumption, plaintiffs must allege actions in support of torts that sufficiently touch and concern the United States. *Compare Mastafa v. Chevron Corp.*, 770 F.3d 170, 182-83 (2d Cir. 2014) (finding a series of financial transactions occurring in the U.S. sufficient to enable a terrorist actor to bypass sanctions) *with Nestle USA, Inc*, 593 U.S. at 634 (finding insufficient an allegation that

a company's general operational decisions are made in the United States). Here, Plaintiffs allege

no facts relating Dr. Abuirshaid's U.S.-based advocacy to the planning and commission of the

October 7 attacks. Plaintiffs allege the actions that caused them harm took place entirely outside

of the United States and allege no domestic action proximately causing the harm. That does not

satisfy the standard required to overcome the presumption against extraterritorial application of

U.S. law. This Court therefore lacks jurisdiction of the ATS claims.

     2.   <u>Plaintiffs Fail to Plead a Recognized Violation of an International Norm</u>

     As described above, the Supreme Court recognizes only a limited number of violations of

international law cognizable via the ATS. *Sosa*, 542 U.S. at 720. Courts cannot create causes of

action as plaintiffs may wish, because "[t]hat job belongs to Congress, not the Federal Judiciary."

*Nestle USA, Inc.*, 593 U.S. at 634-35. The ATS functions as "strictly jurisdictional and does not

by its own terms provide or delineate the definition of a cause of action for violations of

international law." *Jesner v. Arab Bank, Pub. Ltd. Co.*, 584 U.S. 241, 254 (2018). Three specific

offences against the law of nations form the entirety of a basis for ATS liability: violation of safe

conduct, infringement of the rights of ambassadors, and piracy. *Sosa*, 542 U.S. at 723-24; *see also*

*Nestle USA, Inc.*, 593 U.S. at 637 (recognizing its own precedent and congressional activity

"compel the conclusion that federal courts should not recognize private rights of action for

violations of international law beyond the three historical torts identified in *Sosa*"). If plaintiffs

fail to plead a breach of a norm cognizable under the ATS, no jurisdiction exists.

     Plaintiffs generally claim that "Defendants" bear liability via the ATS for violation of the

International Convention for the Suppression of the Financing of Terrorism ("Terrorism Financing

Convention"). Amend. Compl. ¶¶ 196-206.[5] To the extent Plaintiffs allege any concrete action by Dr. Abuirshaid as to give rise to ATS liability, they conclude only that "Defendants provided Hamas with material support." Amend. Compl. ¶ 204. Plaintiffs' sole allegation of substantial assistance against Dr. Abuirshaid centers on his advocacy efforts and what Plaintiffs deem his pro-Palestinian, anti-Israel positions. *Id.* ¶ 41. Plaintiffs make no other assertions of how Dr. Abuirshaid, in his individual capacity, violates the Terrorism Financing Convention.

Regardless, this Convention does not create jurisdiction over Plaintiffs' claims because it does not qualify as an enforceable treaty under the ATS. An enforceable treaty confers individual rights and is "self-executing;" the Terrorism Financing Convention does neither. *Cornejo v. Cnty. of San Diego*, 504 F.3d 853, 856 (9th Cir. 2007) (explaining how self-executing treaties carry "the force of domestic law without the need for implementing legislation by Congress"); *see also Sosa*, 542 U.S. at 734-35 (determining no private action exists in federal courts based on the Universal Declaration of Human Rights, because it does not self-execute). The Terrorism Financing Convention, by its own language, requires parties to create legislation for its implementation; it therefore does not self-execute. International Convention for the Suppression of the Financing of Terrorism arts. 4-7, Dec. 9, 1999, 2178 U.N.T.S. 197. And if any doubt remained, the Supreme Court specified the Terrorism Financing Convention does not suffice under the ATS. *Jesner*, 584 U.S. at 261. Plaintiffs therefore cannot rely on this convention for claims via the ATS. Even if Plaintiffs did allege actions by Dr. Abuirshaid that violate the Terrorism Financing Convention, they still fail to allege facts sufficient to vest this Court with subject matter jurisdiction.

---

[5] Plaintiffs' First Amended Complaint only presents a cause of action under the ATS for violation of the Terrorism Financing Convention. To the extent that Plaintiffs may attempt to expand their ATS claim to include norms not included in the operative complaint, this Court need not indulge that attempt: the operating Complaint governs the analysis, and the Amended Complaint identifies only the Terrorism Financing Convention.

3.  Courts Lack Discretion to Create New Paths Under the ATS

Creating a new path for jurisdiction via the ATS would not be "a proper exercise of judicial discretion" by this Court. *Id.* at 258. Court may identify new avenues only after meeting an "extraordinarily strict" standard that directs them not to do so "if it can identify even 'one sound reason[n] to think Congress might doubt the efficacy or necessity of [the new] remedy.'" *Nestle, USA*, 593 U.S. at 637 (quoting *Jesner*, 584 U.S. at 264)). This Court need look no further than the ATA itself. Congress created a private right of action for U.S. nationals harmed by parties that provide material support to terrorist organizations. 18 U.S.C. § 2333(a). Congress also created regulatory schemes to deter terrorism financing in the Bank Secrecy Act (31 U.S.C. § 5311 *et seq.*) and Terrorism Sanctions Regulations (31 CFR pt. 595 (2017)). The Supreme Court recognized these regulatory and statutory schemes, and that it finds creating a common-law action under the ATS for the Terrorism Financing Convention to be inappropriate. *Jesner*, 584 U.S. at 262. This Court does not possess the discretion to create a new avenue for non-citizens to sue under the ATS.

**B.    The U.S.-Citizen Plaintiffs Fail to State a Claim Under the Anti-Terrorism Act**

Plaintiffs fail to meet their high burden to plead facts sufficient to establish liability for Dr. Abuirshaid under the ATA. To properly plead a claim under the ATA, Plaintiffs must allege 1) they were harmed by an act of international terrorism; 2) Dr. Abuirshaid knowingly provided assistance to the harmful act; and 3) Dr. Abuirshaid provided substantial assistance in the harmful act. *Taamneh*, 598 U.S. at 486 (synthesizing the *Halberstam* factors). These factors are not "inflexible codes" but instead "should be understood in the light of the common law and applied as a framework designed to hold defendants liable when they consciously and culpably 'participated in' a tortious act in such a way as to help 'make it succeed.'" *Id.* at 497 (quoting *Nye & Nissen v. United States*, 336 U.S. 613, 619 (1949)). Plaintiffs do not allege facts sufficient to

meet two of those three requirements. While Plaintiffs do allege they were harmed by Hamas' terrorist acts on October 7, they do not allege a single act by Dr. Abuirshaid that knowingly provided <u>any</u> assistance to those acts, let alone substantial assistance. This failure proves fatal to Plaintiffs' ATA claim against Dr. Abuirshaid. Plaintiffs label Dr. Abuirshaid a terrorist based only on his support of Palestine. This unfounded and offensive leap does not fall within the framework of reasonable inferences the Court makes in a plaintiff's favor, even under Rule 12.

1. Plaintiffs Fail to Allege Any Activity Preceding October 7

The Supreme Court limits aiding and abetting liability under the ATA to "truly culpable conduct," which it defines to mean "conscious, voluntary, and culpable participation in another's wrongdoing." *Taamneh*, 598 U.S. at 490. Plaintiffs must allege that Dr. Abuirshaid consciously participated in a wrongful act sufficient to help "make it succeed." *Id.* at 497. They do not.

To avoid overbroad application of aiding and abetting liability under the ATA, the Supreme Court focuses its analysis on whether defendants provided assistance specifically to the tort for which plaintiffs seeks to impose liability. *Id.* at 489. To do otherwise would allow for "one person [to] be made a trespasser or a felon against his or her consent" due to the "overheated zeal of another." *Id.* Plaintiffs must show that Dr. Abuirshaid had knowledge and awareness of the specific illegal activity at issue, namely the October 7 attacks, and knowingly assisted those activities. *Leisrael*, 66 F.4th at 1017 (granting dismissal because plaintiffs pled no facts supporting defendant's awareness of the specific illegal activity). Any attenuated tie between the actor and the illegal acts does not suffice. Here, Plaintiffs plead no more than conclusory assertions that Dr. Abuirshaid "specializes in creating and publishing propaganda for Hamas," supported by no more than references to Dr. Abuirshaid's protected speech and associations. Amend. Compl. ¶¶ 38-41, 187. Plaintiffs do not allege Dr. Abuirshaid had prior knowledge of Hamas' October 7 attacks, nor

14

can they. To the extent Plaintiffs attempt to show liability based on allegations against AMP, those cannot establish liability against Dr. Abuirshaid in his individual capacity.

2.  Plaintiffs Fail to Allege Dr. Abuirshaid Substantially Assisted Hamas' Attacks

In addition to the need to allege knowledge of the specific harmful acts at issue, Plaintiffs must also allege that Dr. Abuirshaid substantially assisted in Hamas' October 7 attacks. Demonstrating substantial assistance requires plaintiffs to show the defendants' assistance helped the tortious act in a way that "ma[d]e it succeed." *Taamneh*, 598 U.S. at 497. A generalized, "assumed" role cannot qualify as substantial assistance. *Keren Kayemeth Leisrael-Jewish Nat'l Fund v. Educ.*, 530 F. Supp. 3d 8, 15 (D.D.C. 2021). The Supreme Court recently determined that even more substantial connections, such as business contracts, still prove inadequate under the ATA. *Atchley v. AstraZeneca UK Ltd.*, 22 F.4th 204, 210 (D.C. Cir. 2022) (finding allegations the defendant was aware of the terrorist group's operations and still allegedly secured medical supply contracts with them as sufficient), *vacated*, 2024 U.S. LEXIS 2785 (remanding "for further consideration light of [*Taamneh*]"). Plaintiffs fail to plead beyond conclusory statements that Dr. Abuirshaid provided any assistance to Hamas' October 7 attacks, much less substantial assistance sufficient to meet the standard to attach liability. Dr. Abuirshaid therefore asks this Court to dismiss Plaintiffs' ATA claim as insufficient as a matter of law.

C.   **The Non-Citizen Plaintiffs Fail to State a Claim Under the ATS**

Similarly, Plaintiffs' claims against Dr. Abuirshaid under the ATS also fail as a matter of law. As explained above, the ATS only creates a limited set of circumstances under which a non-citizen can bring a claim. *Nestle USA, Inc.*, 593 U.S. at 630. Plaintiffs must establish that Dr. Abuirshaid "1) provides practical assistance to the principal which has a substantial effect on the perpetration of the crime, and 2) does so with the purpose of facilitating that crime." *Aziz,* 658 F.3d

at 396. As also described above, Plaintiffs fail to allege Dr. Abuirshaid aided and abetted Hamas in any way, much less a way that establishes assistance sufficient to create liability via the ATS.

The Fourth Circuit applies a very narrow reading of liability under the ATS, requiring that a defendant's actions meet a two-part test. A defendant may be liable for aiding and abetting under the ATS where the defendant "provides 1) practical assistance to the principal which has a substantial effect on the perpetration of the crime, and 2) does so with the purpose of facilitating the commission of that crime." *Id.* Mere knowledge of a crime does not suffice; Plaintiffs do not even allege that much against Dr. Abuirshaid. The Amended Complaint does not allege Dr. Abuirshaid assisted with the October 7 attacks. The assistance alleged in the Amended Complaint centers solely on his advocacy over time, mischaracterizing his pro-Palestinian speech and association as automatically equating to support for Hamas and its goals. The two are <u>not</u> interchangeable.

The sparse allegations in Plaintiffs' Amended Complaint against Dr. Abuirshaid focus only on his First Amendment-protected speech and association, and fail to provide any connection to Hamas or Hamas' October 7 attacks. They only allege Dr. Abuirshaid to be an academic who conducts research into areas of his expertise, including academic analysis of Hamas's history and political ideologies—as many researchers and academics do. Amend. Compl. ¶ 38. Plaintiffs allege Dr. Abuirshaid speaks at conferences across the world and engages in protected speech online, and then draw unsupported conclusions that he therefore supports Hamas and promotes Hamas goals. *Id.* at ¶¶ 39-41. Again, the two do not equate. Plaintiffs also make the conclusory assertion that Dr. Abuirshaid provides ongoing material support for Hamas with no support for how they allege he has done so other than drawing more unsupported conclusions from allegations against AMP as an organization. Amend. Compl. ¶ 187. Dr. Abuirshaid's history of speeches, conferences, and

academic pursuits constitute protected free speech under the First Amendment. Plaintiffs may disagree with Dr. Abuirshaid's views or dislike his associations, but that disagreement on its own cannot create liability.

Even taken as true, Plaintiffs' factual allegations fail to support their claim that Dr. Abuirshaid took any actions to enable the October 7 attacks to happen "with the purpose of facilitating the commission of that crime." *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 396 (4th Cir. 2011); *see also Est. of Alvarez*, 96 F.4th at 686. Plaintiffs fail to allege any facts to establish knowledge by Dr. Abuirshaid of Hamas' October 7 attacks. The attenuated and conclusory allegations Plaintiffs do include do not provide this Court with jurisdiction over Plaintiffs' ATS claims.

## D.     Plaintiffs Attempt to Suppress Protected Speech

Plaintiffs claim their claims do not aim to suppress speech. *See* Amend. Compl. at 71. ("This Lawsuit Seeks to Hold Defendants Liable for Serving as a Critically Important Branch of Hamas in the United States, Not to Suppress Constitutionally Protected Speech"). As President Franklin D. Roosevelt correctly stated, "repetition does not transform a lie into truth." Franklin D. Roosevelt, *Radio Address to the New York Herald Tribune Forum*, THE AMERICAN PRESIDENCY PROJECT (Oct. 26, 1939), available at https://www.presidency.ucsb.edu/node/210184. Plaintiffs do not allege speech by Dr. Abuirshaid that exceeds the protections of the First Amendment.

The Supreme Court determined that even offensive speech and conduct does not give rise to a tort claim. *Snyder v. Phelps*, 562 U.S. 443, 456 (2011). The Constitution protects against tort claims arising from speech that includes intimidation, coercion, and threats of boycotts. *NAACP v. Claiborne Hardware*, 458 U.S. 886, 907 (1982). Plaintiffs' allegations against Dr. Abuirshaid do not even assert that he individually encouraged violence, or used offensive and derogatory speech. A person's constitutional rights are not abrogated because of advocating for a disfavored

cause; in fact, constitutional protections bear even more import to protect disfavored or unpopular speech. Plaintiffs assert that because Dr. Abuirshaid advocates for Palestinians, he aligns with Hamas, and therefore his speech loses constitutional protections. This Court need not accept that offensive and unsupported conclusion as fact, even at the Rule 12 stage. Dr. Abuirshaid's claimed activities—advocating for Palestinians in public—go to the heart of First Amendment. These activities do not make him liable for the October 7 attacks, or for that matter any other terrorist attacks perpetrated by Hamas or any other group undertaking violence in the name of Palestinians.   Nor can Plaintiffs hold him liable for these actions, under any claim, without trampling the inherent meaning of the First Amendment.

## V.  <u>CONCLUSION</u>

Dr. Abuirshaid is a well-known and widely respected advocate for Palestinians and an expert scholar on Middle Eastern affairs. Plaintiffs hope this Court will afford them a broad enough brush to punish both his areas of study and work as well as his expressive viewpoint, by labeling his lawful actions within the United States as "terrorist" simply because Plaintiffs don't like his views. Amend. Compl. ¶ 187. Yet neither the Constitution of the United States nor the legal precedent governing this Court supports that position; to the contrary, binding legal precedent defeats Plaintiffs' biased attempt.

Plaintiffs fail to plead facts sufficient to establish liability under the ATA or the ATS against Dr. Abuirshaid. Plaintiffs do not allege Dr. Abuirshaid had direct connection to Hamas, or any prior knowledge of Hamas' October 7 attacks, or that he participated in any way in those attacks. Plaintiffs allege no acts by Dr. Abuirshaid that substantially assisted Hamas' actions that caused Plaintiffs' injuries. Dr. Abuirshaid expresses views Plaintiffs dislike. He serves as Executive Director of AMP, a U.S. non-profit in good standing with the United States government. Plaintiffs have the right to disagree with Dr. Abuirshaid's views and work. They do not have the

right to equate his legal and protected speech with illegal acts. Plaintiffs' claims against Dr. Abuirshaid fail entirely under all applicable precedent. Further amendment cannot cure the jurisdictional defects in Plaintiffs' Amended Complaint.  Further amendment will not render Plaintiffs' national origin-based and religious-based generalities appropriate under the law. Dr. Abuirshaid therefore respectfully requests this Court dismiss Plaintiffs' claims against him in their entirety, with prejudice.

DATED: October 2, 2024.                    Respectfully Submitted,

/s/ George R.A. Doumar
George R.A. Doumar, VSB No. 26490
Doumar Martin PLLC
1530 Wilson Boulevard, Suite 1060
Arlington, Virginia 22209
Tel:  703-243-3737
Fax: 703-524-7610
gdoumar@doumarmartin.com

Christina A. Jump
(*pro hac vice*)
Samira S. Elhosary
(*pro hac vice*)
Constitutional Law Center
for Muslims in America[6]
100 N. Central Expy. Suite 1010
Richardson, Texas 75080
Tel:  972-914-2507
Fax: 972- 692-7454
cjump@clcma.org
selhosary@clcma.org

COUNSEL FOR DEFENDANT
DR. OSAMA ABUIRSHAID

---

[6] The Constitutional Law Center for Muslims in America is the legal division of the Muslim Legal Fund of America.

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 2, 2024, I electronically filed the foregoing with the Clerk of Court

using the CM/ECF system, which will send notice of electronic filing to all counsel of record.


/s/ George R.A. Doumar
George R.A. Doumar, VSB No. 26490
Doumar Martin PLLC
1530 Wilson Boulevard, Suite 1060
Arlington, Virginia 22209
Tel: 703-243-3737
Fax: 703-524-7610
gdoumar@doumarmartin.com

COUNSEL FOR DEFENDANT
DR. OSAMA ABUIRSHAID