IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| MAYA PARIZER, *et al.*,<br><br>PLAINTIFFS,<br><br>v.<br><br>AJP EDUCATIONAL FOUNDATION, INC. a/k/a AMERICAN MUSLIMS FOR PALESTINE, *et al.*,<br><br>DEFENDANTS. | CASE NO. 1:24-cv-00724-RDA-IDD |

**DR. OSAMA ABUIRSHAID'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS**

## I.   INTRODUCTION

Dr. Osama Abuirshaid ("Dr. Abuirshaid") had nothing to do with Hamas' October 7 terrorist attacks, nor did he provide any support to Hamas either before, during, or after those attacks. There is no allegation that Dr. Abuirshaid even had any contact with Hamas in connection with the October 7 attacks. Plaintiffs' Amended Complaint lacks any allegations to the contrary, and this Court is required to dismiss Plaintiffs' claims with prejudice. Because Plaintiffs cannot meet the standards set forth in applicable Supreme Court and Fourth Circuit case law, they try to overcome those deficiencies by asking this Court to both make irrational assumptions and ignore binding precedent. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 396 (4th Cir. 2011); *see also Twitter, Inc. v. Taamneh*, 598 U.S. 471 (2023). This Court need not accept Plaintiffs' invitation to overlook the undeniable pleading deficiencies under binding precedent, and must dismiss the claims against Dr. Abuirshaid in full.

Plaintiffs fail to state a claim under the ATA for which this Court could grant them relief against Dr. Abuirshaid in his individual capacity. Plaintiffs twist applicable case law and attempt

the theory that Dr. Abuirshaid may be held individually liable for acts that even the Plaintiffs attribute to others. In fact, Plaintiffs allege that AJP Educational Foundation, Inc. d/b/a American Muslims for Palestine ("AMP"), the organization for which Dr. Abuirshaid serves as Executive Director, is somehow responsible. Yet Plaintiffs' contortions of established legal standards cannot override the fact that Plaintiffs' Amended Complaint completely omits allegations that Dr. Abuirshaid individually took any actions that led to Plaintiffs' harms. And the limited conclusory allegations Plaintiffs do make fail to rise to the standard of a made up near-common enterprise theory of liability against Dr. Abuirshaid. Plaintiffs' claims fail as a matter of law.

The non-U.S. citizen Plaintiffs' ATS claim against Dr. Abuirshaid fails as well. Plaintiffs plead no violation of actionable international norms sufficient to establish this Court's subject matter jurisdiction. After extensively outlining the basis for their claim, then amending their complaint to provide even more details on the legal basis for their claim, Plaintiffs wrongly attempt to now assert for the first time that they actually mean something else entirely. Even if this Court were to find subject matter jurisdiction over the ATS claim, Plaintiffs still fail to state a claim upon which relief may be granted under the applicable Fourth Circuit test. Plaintiffs know this, and therefore ask this Court to disregard binding precedent. This Court cannot and need not do that.

Finally, the First Amendment bars Plaintiffs' claims. Plaintiffs complain about Dr. Abuirshaid's protected free speech, advocacy, and association rights. Yet Plaintiffs allege no speech by Dr. Abuirshaid that exceeds First Amendment protections, instead asking this Court to make the impermissible assumption that just because Dr. Abuirshaid advocates for the rights of Palestinians, he must be de facto aligned with Hamas. That leap finds no support in the law, and cannot form the basis of Plaintiffs' claims against Dr. Abuirshaid. Because no amendment can

cure the defects in Plaintiffs' Amended Complaint, Dr. Abuirshaid respectfully requests this Court dismiss Plaintiffs' claims against him in full, with prejudice.

## II.    ARGUMENT[1]

### A.    Plaintiffs Fail to State a Claim Under the ATA

1. <u>Plaintiffs fail to state a claim against Dr. Abuirshaid in his individual capacity</u>

Plaintiffs cannot establish a claim against Dr. Abuirshaid in his individual capacity based solely on actions they allege AMP took. *See* Doc. 112 at 4-5. Plaintiffs' generalized allegations of Dr. Abuirshaid's work for AMP, if taken as true, occurred in the scope of his employment with AMP may arguably support a claim against AMP itself, but do not support liability for Dr. Abuirshaid individually.  Dr. Abuirshaid relies on and incorporates AMP's Motion to Dismiss and Reply. Docs. 34 and 101. But Plaintiffs sue Dr. Abuirshaid in his personal capacity, and their Amended Complaint lacks any allegations that Dr. Abuirshaid acted in a way sufficient to qualify as a claim for relief under the ATA. For this reason, this Court must dismiss Plaintiffs' ATA claim against Dr. Abuirshaid.

Plaintiffs try to overcome their pleading deficiencies by alleging they may hold Dr. Abuirshaid "jointly and severally liable with [AMP] for obligations arising out of tortious conduct of the officers that subject the corporation to liability," with no support as to what "tortious conduct" Dr. Abuirshaid supposedly committed. Doc. 112 at 5 (citing *Sit-Set, A.G. v. Universal*

---

[1] Plaintiffs' Response takes issue the need for Plaintiffs to respond multiple times to the same legal arguments from different defendants. *See, e.g.,* Doc. 112 at 2 ("his motion largely recycles their meritless arguments"), 3 ("Abuirshaid's recycled challenges"), 6 ("Abuirshaid again parrots the unsuccessful arguments"). But Plaintiffs had full control over the number of defendants they chose to target in this case. And each defendant has the right to respond to the Amended Complaint, and for this Court to consider each response on its own merits; Plaintiffs' annoyance notwithstanding, the seventh defendant served has as much right to present legal arguments as the first defendant served.

*Jet Exch., Inc.*, 747 F.2d 921, 929 (4th Cir. 1984)). They allege no facts that Dr. Abuirshaid "directly engaged" in specific conduct upon which this Court could find liability. *See, e.g., Sit-Set, A.G.*, 747 F.2d at 929. Plaintiffs allege no intentional torts that Dr. Abuirshaid either authorized or committed. *See Airlines Reporting Corp. v. Cartagena Travel & Tours, Inc.*, No. 1:11-cv-00964 (TSE/IDD), 2012 U.S. Dist. LEXIS 202314, at *18 (E.D. Va. Aug. 3, 2012) (finding that the plaintiffs sufficiently alleged that a defendant "personally" committed tortious acts). Instead, they rest only on their hope that this Court will make the factual leap itself that Dr. Abuirshaid controlled and had knowledge of all of AMP's actions. Doc. 112 at 6. *Contrast Trans-Radial Sols., LLC v. Burlington Med., LLC*, Civil No. 2:18-cv-656, 2019 U.S. Dist. LEXIS 131711, at *8 (E.D. Va. Aug. 5, 2019) (finding liability where the individual plaintiff formed a corporation and directed its activities for the purpose of violating a competitor's patent); *Abecassis v. Wyatt*, 785 F. Supp. 2d 614, 650 (S.D. Tex. 2011) (finding a complaint alleged an employee committed acts within the scope of his employment to be sufficient to hold his employer liable, where the employee already pled guilty to the underlying acts); *Revolon Monterey Energy LLV v. Peak Operator*, No. CV 13-7048 PSG, 2014 U.S. Dist. LEXIS 194927, at *13 (C.D. Cal. Sept. 18, 2014) (determining that an individual could be held individually liable "for the actions he took," rather than imputing them only to his company).

Plaintiffs fail to allege any facts supporting their allegations that Dr. Abuirshaid exerted control and management of AMP's alleged "corporate misconduct," nor any facts supporting that AMP engaged in any misconduct. *See* Doc. 112 at 6. Other than generalizations, there is not a single allegation supporting misconduct by Dr. Abuirshaid or AMP. Plaintiffs' dislike of Dr. Abuirshaid's conduct and political views does not make Dr. Abuirshaid's, or AMP's, conduct

4

tortious. Therefore, Plaintiffs fail to properly allege an ATA claim against Dr. Abuirshaid individually.

        2.  <u>Plaintiffs do not allege a "near-common enterprise" theory</u>

Plaintiffs fail to allege facts sufficient to plead an ATA claim under the standard set by the Supreme Court. Doc. 112 at 4.[2] The Supreme Court plainly articulated that a defendant may be found liable only where "they consciously and culpably participated in a tortious act in such a way as to help make it succeed." *Taamneh*, 598 U.S. at 497 (internal quotations omitted). Instead, Plaintiffs argue they can hold Dr. Abuirshaid liable under a trumped up "near-common enterprise" theory for "all of Hamas's crimes." Doc. 112 at 4. This theory was not viable before the Supreme Court in *Taamneh*, and it is not viable here. Plaintiffs allege no examples of Dr. Abuirshaid's involvement with the October 7 attacks, let alone any details to support an even higher level of "pervasive and systemic aid" and "culpable participation through intentional aid that substantially furthered the tort." *Taamneh*, 598 U.S. at 506. As explained above and in Dr. Abuirshaid's Motion to Dismiss, Plaintiffs plead hardly any facts at all asserting actions taken by Dr. Abuirshaid in his individual capacity, and certainly none sufficient to meet a standard of "pervasive and systemic." *See, e.g.,* First Amended Complaint for Damages and Jury Trial Demand, ECF No. 24, at ¶¶ 38-40 (alleging the not-so-nefarious fact that Dr. Abuirshaid travels to speak at conferences) ("Amend. Compl."). Under Plaintiffs' interpretation, Dr. Abuirshaid would be liable for all of Hamas' acts forever into the future, despite no foreknowledge of and no contact with any tortious

---

[2] Dr. Abuirshaid need not address the substance of other defendants' motions. Plaintiffs nonetheless again raise the alleged "phantom rule" they perceive in AMP's and Dr. Bazian's Motions to Dismiss. Doc. 112 at 4. AMP's Reply explained that the inadvertently mistyped pincite made no substantive difference to Defendants' arguments or Plaintiffs' inability to meet the standard set out in *Twitter v. Taamneh*. That remains true in this Reply as well.

actors. Plaintiffs' conclusory allegations do not meet the required standard to state an ATA claim under binding Supreme Court precedent.

**B.      Plaintiffs Fail to State a Claim Under the ATS**

      1.   <u>Plaintiffs cannot rely on norms they do not plead in their Amended Complaint</u>

Plaintiffs filed a one hundred plus-paragraph complaint and then amended to a 207-paragraph complaint. They asserted all the claims they mean to assert. The non-U.S. citizen Plaintiffs clearly assert an ATS claim on two articulated bases: violation of the aiding and abetting provisions of the International Convention for the Suppression of the Financing of Terrorism and, as a subset of that, material support to terrorism. Amend. Compl. ¶¶ 195-206. As outlined in Dr. Abuirshaid's Motion to Dismiss, as well as all other Defendants' Motions to Dismiss, this Court lacks subject matter jurisdiction over an ATS claim based on those grounds. *See, e.g.,* Doc. 106 at 11-12. Instead of addressing that argument, Plaintiffs instead assert they base the liability under the ATS on "four distinct actionable norms: genocide, war crimes, harming civilians in terror attacks, and supporting terrorism." Doc. 112 at 7. This assertion finds no basis in Plaintiffs' Amended Complaint. Amend. Compl. ¶¶ 195-206. Therefore, this Court need not consider whether it may exercise subject matter jurisdiction over an ATS claim based on those norms.

Plaintiffs acknowledge their four newly added norms do not appear in their Amended Complaint and instead argue that they need not have alleged them for this Court to consider them; this argument finds no support in relevant case law. *See* Doc. 112 at 8. Plaintiffs assert they only need to present a "short and plain statement of the claim" to survive dismissal; while this is true, Plaintiffs' Amended Complaint is by no means "short and plain" under any meaning of the phrase. Doc. 112 at 8 (citing *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014)). Plaintiffs' 207-paragraph Amended Complaint alleges an ATS claim based on a violation of an alleged norm against terrorist

6

financing; it provides no reference to violations any other norms sufficient to inform Defendants, including Dr. Abuirshaid, of such claims against them. *Contrast City of Shelby*, 574 U.S. at 12 (explaining that the plaintiffs need not have cited a specific statute where they alleged facts sufficient to inform the city of the basis of their claim against it). Plaintiffs' Amended Complaint presents a clear heading, supported by 12 paragraphs, outlining the alleged basis of their ATS claim. *Compare* Amend. Compl. ¶¶ 195-206 *with Stanton v. Elliott*, 25 F.4th 227, 238 (4th Cir. 2022) (holding that a complaint need not be dismissed for lack of formalistic pleadings where the substance of the claim is apparent). The Federal Rules of Civil Procedure may not require "an exposition of [a plaintiff's] legal argument," but where plaintiffs present a comprehensive analysis, defendants and courts may rely on the assumption that a plaintiff presented the claims they intended. *See Skinner v. Switzer*, 562 U.S. 521, 529-530 (finding that the lower courts impermissibly analyzed whether the plaintiff would have prevailed on his claims based on a complaint that was "not a model of the careful drafter's art"). Plaintiffs may not now attempt to rest their ATS claim on the violation of newly-added norms.

2. <u>Plaintiffs admit the Fourth Circuit bars their ATS claim</u>

Though Plaintiffs may be "preserving [their] argument for potential review by a higher court," the fact remains that applicable Fourth Circuit precedent bars their ATS claim against Dr. Abuirshaid. Doc. 112 at 12. Regardless of whether Plaintiffs think that the relevant standard is "incorrect," this Court remains bound to apply the Fourth Circuit's test. *Id.* In their Joint Opposition, Plaintiffs recommended this Court instead adopt the Ninth Circuit's standard, which this Court cannot do. Doc. 85 at 36-37. Plaintiffs' outright refusal to engage with the Fourth Circuit's standard means that this Court must dismiss Plaintiffs' ATS claim with prejudice.

To state a claim under the ATS, Plaintiffs must show that Dr. Abuirshaid, in his individual capacity, "acted with the purpose of facilitating the violation of an international norm." *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 398 (4th Cir. 2011). While Plaintiffs may hope a "higher court" may change this standard, this year, the Fourth Circuit actually reinforced its holding from *Aziz*, reiterating that "to establish aiding and abetting liability in an ATS claim, [plaintiffs] must show that a defendant '(1) provided practical assistance to the principal which has a substantial effect on the perpetration of the crime, and (2) did so with the purpose of facilitating the commission of that crime.'" *Est. of Alvarez v. Rockefeller Found.*, 96 F.4th 686, 693 (4th Cir. 2024) (quoting *Aziz*, 658 F.3d at 396)). Plaintiffs do not meet either prong of that test and only present conclusory allegations that "[Dr.] Abuirshaid publicly supports Hamas and the Muslim Brotherhood and frequently promote [sic] Hamas and its affiliates' terrorist goals." Amend. Compl. ¶ 41. Plaintiffs do not plead any specific actions by Dr. Abuirshaid that had a "substantial effect" on Hamas' October 7 terrorist attacks, nor that Dr. Abuirshaid undertook any actions "with the purpose of facilitating" the October 7 attacks. *Est. of Alvarez*, 96 F.4th at 693. Plaintiffs' wish that the standard was different or hope for some future change does not change the fact that this Court must apply the Fourth Circuit's test, and Plaintiffs fail to meet that standard.

## C. Dr. Abuirshaid's Speech and Advocacy Warrant First Amendment Protection[3]

Plaintiffs fail to allege any action or speech by Dr. Abuirshaid, in his individual capacity, which falls outside of First Amendment protection. The cases cited in Plaintiffs' Response only serve to prove that point, as nothing Plaintiffs allege reaches the standards set in those cases. Plaintiffs do not present any non-conclusory allegations that Dr. Abuirshaid wants to support Hamas through his speech and advocacy and point to no instances in which he did so. *Contrast Holder v. Humanitarian Law Project*, 561 U.S. 1, 28-29 (2010) (crediting the plaintiffs' argument that the government should not prohibit the pure speech they wanted to provide in support of a designated terrorist organization, while prohibiting the in-person training they wanted to provide to terrorist organizations on human rights issues). The Amended Complaint contains no specific actions by Dr. Abuirshaid that benefited Hamas in any way, at any time in the past, much less in connection with October 7. *Contrast United States v. Osadzinski*, 97 F.4th 484, 486 (7th Cir. 2024) (finding liability where an individual made a computer program that he knowingly shared with members of a terrorist organization). Plaintiffs ask this Court to make irrational leaps from purely peaceful speech and advocacy by AMP, to that speech somehow providing a "service" to Hamas based on its pro-Palestinian content, to that somehow creating liability for Dr. Abuirshaid, for October 7 and all other of Hamas' terrorist activities. This Court should reject that invitation and

---

[3] Plaintiffs assert, with no support, that the way in which Dr. Abuirshaid presents his First Amendment defense "only confirms that his codefendants have waived similar claims." Doc. 112 at 13. In doing so, Plaintiffs inappropriately and cavalierly dismiss First Amendment arguments made by other defendants. Other defendants also have First Amendment rights, have raised such arguments, and Plaintiffs have sought to rebut such arguments in other briefing. However, each defendant's motion must also stand or fall on its own merits, and this Court, may but need not consider arguments made in one party's motion when reviewing arguments made in a different party's motion. *See McPhearson v. Anderson*, 874 F. Supp. 2d 573, 576 n.2 (E.D. Va. 2012) (addressing each codefendant's motion in separate Orders).

find that Plaintiffs only allege actions by Dr. Abuirshaid that find protection in the First Amendment.

Plaintiffs' attempt to hold Dr. Abuirshaid individually liable not only for acts of AMP but also those of Defendant National Students for Justice in Palestine ("NSJP"), which Plaintiffs claim has issued offensive and inflammatory rhetoric, is equally fruitless. Doc. 112 at 3. Plaintiffs do not attribute acts alleged against students supposedly affiliated with NSJP, a separate defendant, to Dr. Abuirshaid, and those allegations are woefully inadequate on their own. A U.S. District Court in Maryland recently found that a local chapter of Students for Justice in Palestine was entitled to hold an October 7 inter-faith vigil, even when faced with claims that the chapter is affiliated with NSJP. *University of Maryland Students for Justice in Palestine v. Board of Regents*, 2024 U.S. Dist. LEXIS 178353 (D. Md. Oct. 1, 2024). That others might regard the event as "pro-Hamas propaganda," did not deprive the event of First Amendment protection. Though Plaintiffs in this matter provide no specific allegations to tie Dr. Abuirshaid to acts done by NSJP, even if they could, they do not allege anything beyond pure, protected speech.

D.   **Amendment Would Be Futile as Well as Prejudicial**

Dismissal with prejudice is the only appropriate remedy for the incurable defects in Plaintiffs' First Amended Complaint. Plaintiffs only raise the issue of amendment in a footnote at the end of their Response and refer to a paragraph at the end of their combined opposition. Doc. 112 at 14, n.10. Neither cursory attempt meets the standard for requesting leave to amend under Fed. R. Civ. P. 7(b). Plaintiffs never explicitly move to amend nor enclose a proposed Second Amended Complaint for this Court's review. Plaintiffs do not state with particularity the grounds for their request to dismiss in response to Dr. Abuirshaid's Motion to Dismiss. Even if this Court accepts their reference by incorporation to their joint opposition, those arguments fail as well.

Plaintiffs presented this Court with two extensive complaints outlining their allegations, belying their contention that this case "is in its infancy." Doc. 85 at 39. The docket entries in this matter already exceed 100. Further, amendment cannot cure the jurisdictional defects in Plaintiffs' Complaint, as no facts exist to support the required elements of the law Plaintiffs attempt to fill with conclusory statements and irrational assumptions. Despite seventy-eight pages of inflammatory language, Plaintiffs fail to allege plausible claims for relief against Dr. Abuirshaid.

### III.   CONCLUSION

Dr. Abuirshaid respectfully requests this Court dismiss the claims against him with prejudice, as Plaintiffs fail to sufficiently plead their claims against him, and demonstrate that no amendment could cure the identified deficiencies. Instead of even attempting to argue that they can reach the standards set by the Supreme Court and Fourth Circuit for their claims, Plaintiffs instead ask this Court to ignore binding precedent and accept new causes of action entirely absent from Plaintiffs' Amended Complaint. Our laws do not allow for Plaintiffs to place blame on Dr. Abuirshaid for the acts of other entities with which he had nothing to do and to whom he provided no support. This Court need not indulge in Plaintiffs' attempt to assign blame to Dr. Abuirshaid for his protected speech, advocacy, and associations.

DATED: October 22, 2024.                    Respectfully Submitted,

/s/ George R.A. Doumar
George R.A. Doumar, VSB No. 26490
Doumar Martin PLLC
1530 Wilson Boulevard, Suite 1060
Arlington, Virginia 22209
Tel: 703-243-3737
Fax: 703-524-7610
gdoumar@doumarmartin.com

        Christina A. Jump
(*pro hac vice*)
Samira S. Elhosary
(*pro hac vice*)
Constitutional Law Center
for Muslims in America[4]
100 N. Central Expy. Suite 1010
Richardson, Texas 75080
Tel:  972-914-2507
Fax: 972- 692-7454
cjump@clcma.org
selhosary@clcma.org

COUNSEL FOR DEFENDANT
DR. OSAMA ABUIRSHAID

## CERTIFICATE OF SERVICE

I certify that on October 22, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ George R.A. Doumar
George R.A. Doumar, VSB No. 26490
Doumar Martin PLLC
1530 Wilson Boulevard, Suite 1060
Arlington, Virginia 22209
Tel: 703-243-3737
Fax: 703-524-7610
gdoumar@doumarmartin.com

COUNSEL FOR DEFENDANT
DR. OSAMA ABUIRSHAID

---

[4] The Constitutional Law Center for Muslims in America is the legal division of the Muslim Legal Fund of America.