IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| MAYA PARIZER, ADIN GESS, NOACH NEWMAN, NATALIE SANANDAJI, YONI DILLER, DAVID BROMBERG, LIOR BAR OR, ARIEL EIN-GAL, and HAGAR ALMOG, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil No. 1:24-cv-00724-RDA-IDD |
| AJP EDUCATIONAL FOUNDATION, INC. a/k/a AMERICAN MUSLIMS FOR PALESTINE, NATIONAL STUDENTS FOR JUSTICE IN PALESTINE, WESPAC FOUNDATION, HATEM BAZIAN, OSAMA ABUIRSHAID, TAHER HERZALLAH, and ZAREFAH BAROUD, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFFS' RESPONSE TO DEFENDANT AMP'S PRAECIPE WITH SUPPLEMENTAL AUTHORITY

The Court should disregard AMP's supplemental authority, deny the pending motions to dismiss, and issue a discovery scheduling order.[1] (Praecipe with Supplemental Authority ("Praecipe"), ECF No. 132 (citing *Newman v. The Associated Press*, No. 1:24-cv-20684-KMM, 2024 U.S. Dist. LEXIS 223101 (S.D. Fla. Dec. 10, 2024)).)

*Newman* should be disregarded as a supplemental authority because it does not "stand[] relevant to the Court's analysis on issues in a pending case." *Myers v. Mercedes-Benz USA, LLC*, No. 3:23-cv-755, 2024 U.S. Dist. LEXIS 146160, at *17 (E.D. Va. Aug. 15, 2024). *Newman* is an out-of-circuit district court decision arising from vastly different facts. More troubling is AMP's

---

[1] Capitalized terms used herein have the same meanings as in Plaintiffs' opposition to the motions to dismiss filed by AMP and WESPAC. (Joint Opposition ("Joint Opp."), ECF No. 85.)

stated reason for filing *Newman*: it "involves five of the same plaintiffs and two of the same plaintiffs' law firms that are before this Court." (Praecipe 1.) That is wholly irrelevant to the merits of this action and all but invites the Court to decide the pending motions on improper grounds.

In any event, *Newman* is readily distinguishable. It involved allegations that the Associated Press aided and abetted the October 7 attack by publishing photos it purchased from freelance photographers affiliated with Hamas, which the Court rejected as insufficient to state a claim under JASTA. *See* 2024 U.S. Dist. LEXIS 223101, at *1–*7. AMP's bid to analogize itself to the Associated Press falls flat. For nearly forty years, in one form or another, AMP has been the public relations arm of Hamas in the United States. (FAC ¶¶ 25–44, 64–66.) Its leaders and members include open terror sympathizers. (FAC ¶¶ 35–44.) The day after the October 7 attack, AMP declared through its campus brand that is "PART of" Hamas and operating under its "unified command" and began unleashing a concerted pro-Hamas propaganda and disruption campaign. (FAC ¶¶ 83, 84; *see, e.g.*, *id.* ¶¶ 77–122.) The Associated Press, by contrast, is an independent news agency that allegedly bought photos of the attack. The defendants and claimed misconduct have nothing in common. *Newman* does not support AMP's arguments.

Given *Newman*'s radically different facts, its specific holdings are of no import. And, they do not aid AMP in any event. *Newman* first held that the plaintiffs failed to plead general awareness, the second *Halberstam* component. It determined that without allegations that the photographers "were actively working for the AP at the time of the October 7 Attack" or that they "were taking part in the attack rather than simply documenting it as unaffiliated journalists," the plaintiffs did not adequately allege that the Associated Press was generally aware that it was involved in Hamas's wrongdoing. *Newman*, 2024 U.S. Dist. LEXIS 223101, at *14–*15. But AMP

is far closer to Hamas, and the Complaint amply alleges that AMP is generally aware of its role in Hamas's wrongdoing. (*See* Joint Opp. 9–10; *see also, e.g.*, FAC ¶¶ 33–66, 84, 93.)

*Newman* next held that the plaintiffs did not satisfy the third *Halberstam* component, knowing and substantial assistance. *See* 2024 U.S. Dist. LEXIS 223101, at *15–*26. As to knowledge, the court stated that even if the Associated Press had notice of the photographers' potential ties to Hamas or their presence at the attack, that would not establish the requisite culpable state of mind. *See id.* at *19–*20. As to substantial assistance, drawing on the Supreme Court's *Twitter* decision, the court stated that "the AP's purchase of photographs of the October 7 Attack is significantly more attenuated than directly promoting an FTO's content" on a social media platform. *Id.* at *21. But AMP has a high, culpable level of knowledge, as shown by its deep ties to Hamas, its rapid pro-Hamas reaction to the October 7 attack, and its extensive coordination with Hamas after the attack. (*See* Joint Opp. 11–15.) Plaintiffs have also alleged far more assistance than the conduct found insufficient in *Twitter* or *Newman*. (*See* Joint Opp. 7–8, 15–18.) Among other things, AMP has served as Hamas's mouthpiece on U.S. college campuses and encouraged its members and followers to engage in "confrontation" including "armed struggle" and violence to further Hamas's "resistance" efforts. (FAC ¶¶ 82, 83, 87.) Unlike the defendants in *Twitter* and *Newman*, AMP has "consciously and selectively chose[n] to promote content provided by a particular terrorist group." *Twitter*, 598 U.S. at 502. It is therefore liable under JASTA.

Dated: January 24, 2025

Respectfully submitted,

*Counsel for Plaintiffs Maya Parizer, Ariel Ein-Gal, Hagar Almog, Adin Gess, Noach Newman, Natalie Sanandaji, Yoni Diller, David Bromberg, and Lior Bar Or*

By: */s/ Jason Torchinsky*
JASON TORCHINSKY

**GREENBERG TRAURIG, LLP**
SCOTT BORNSTEIN*
bornsteins@gtlaw.com
RICHARD EDLIN*
edlinr@gtlaw.com
RICHARD ROSENBAUM*
rosenbaumr@gtlaw.com
HAL SHAFTEL*
shaftelh@gtlaw.com
One Vanderbilt Avenue
New York, New York 10017
T. 212.801.9200

**GREENBERG TRAURIG, P.A.**
BRADFORD KAUFMAN*
kaufmanb@gtlaw.com
777 South Flagler Drive,
Suite 300 East West Palm
Beach, Florida 33401
T. 561.650.7900
ZACHARY NEEDELL*
zachary.needell@gtlaw.com
401 East Las Olas
Boulevard, Suite 2000 Fort
Lauderdale, Florida 33301
T. 954.765.0500

**LAW OFFICES OF
DAVID SCHOEN**
DAVID SCHOEN*
schoenlawfirm@gmail.com
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
T. 334.395.6611

**HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK, PLLC**
JASON TORCHINSKY
Va. Bar No. 47481
jtorchinsky@holtzmanvogel.com
JONATHAN FAHEY
Va. Bar No. 44854
jfahey@holtzmanvogel.com
ERIELLE DAVIDSON*
edavidson@holtzmanvogel.com
2300 N. Street NW, Suite 643
Washington D.C. 20037
JOHN CYCON
Va. Bar No. 100104
jcycon@holtzmanvogel.com
DANIEL BRUCE
Va. Bar No. 98120
dbruce@holtzmanvogel.com
15405 John Marshall Hwy
Haymarket, VA 20169
T. 202.737.8808

**NATIONAL JEWISH ADVOCACY CENTER**
MARK GOLDFEDER*
mark@jewishadvocacycenter.org
BEN SCHLAGER*
ben@jewishadvocacycenter.org
ANAT BECK*
Anat@jewishadvocacycenter.org
National Jewish Advocacy Center, Inc.
International Legal Forum
1718 General George Patton Drive
Brentwood, TN 37027
T. (800) 269-9895

*Admitted Pro Hac Vice*

4

**Certificate of Service**

I hereby certify that on January 24, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Jason Torchinsky*
JASON TORCHINSKY
Va. Bar No. 47481
**HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK, PLLC**
2300 N. Street NW, Suite 643
Washington D.C. 20037
T. 202.737.8808
jtorchinsky@holtzmanvogel.com

*Counsel for Plaintiffs*