# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| MAYA PARIZER, ADIN GESS, NOACH NEWMAN, NATALIE SANANDAJI, YONI DILLER, DAVID BROMBERG, LIOR BAR OR, ARIEL EIN-GAL, and HAGAR ALMOG, <br><br> Plaintiffs, <br><br> v. <br><br> AJP EDUCATIONAL FOUNDATION, INC. a/k/a AMERICAN MUSLIMS FOR PALESTINE, NATIONAL STUDENTS FOR JUSTICE IN PALESTINE, WESPAC FOUNDATION, HATEM BAZIAN, OSAMA ABUIRSHAID, TAHER HERZALLAH, and ZAREFAH BAROUD, <br><br> Defendants. | Civil No. 1:24-cv-00724-RDA-IDD |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR A STATUS CONFERENCE

Plaintiffs move for a status conference because new information indicates that Defendants AMP and WESPAC may soon lack the resources to comply with their obligation to preserve all evidence relevant to the claims and defenses in this case and to satisfy their other discovery obligations under the Federal Rules of Civil Procedure and the Local Rules. Accordingly, Plaintiffs respectfully request that the Court order a status conference to evaluate these discovery issues and to ensure that Defendants AMP and WESPAC have appropriate measures in place to preserve all potentially relevant evidence and that they will commit to expeditiously resolving discovery matters as they arise.

**PROCEDURAL HISTORY**

Plaintiffs filed their Amended Complaint on July 9, 2024. ECF No. 24. All Defendants have been served and have appeared. *See generally* Mem. of Law in Support of Pls.' Mot. for Scheduling Order 1–2, ECF No. 126. There are now several procedural and substantive motions that are fully briefed and pending:

- Defendant AMP's Motion to Dismiss (filed Aug. 6, 2024), ECF No. 33.
- Defendant Bazian's Motion to Dismiss (filed Sept. 9, 2024), ECF No. 70.
- Defendant WESPAC's Motion to Dismiss (filed Sept. 12, 2024), ECF No. 77.
- Defendant Abuirshaid's Motion to Dismiss (filed Oct. 2, 2024), ECF No. 105.
- Defendants Herzallah's and Baroud's Combined Motion to Dismiss (filed Oct. 13, 2024), ECF No. 109.
- Defendant NSJP's Motion to Strike and Motion to Dismiss (filed Oct. 29, 2024), ECF No. 118.
- Plaintiffs' Motion for Scheduling Order (filed Nov. 15, 2024), ECF No. 125.

**ARGUMENT**

This Court has inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This "case-management authority" includes "broad discretion . . . to supervise discovery," which extends to verifying a party's compliance with its discovery obligations. *Mey v. Phillips*, 71 F.4th 203, 217, 221 (4th Cir. 2023) (affirming discovery sanctions and noting that the lower court had required noncompliant parties to "submit affidavits describing [their] efforts made to meet discovery requirements"); *see also, e.g.*, *Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 585 (D. Md. 2010) (requiring parties to "submit a written verification that they have carefully read" the relevant discovery rules and authorities). The Court should exercise its discretion to schedule a status conference to confirm that AMP and WESPAC have preserved all

2

potentially relevant evidence, that they have the ability and resources meet their discovery obligations, and that they will commit to expeditiously resolving discovery matters as they arise.

New information suggests that Defendants AMP and WESPAC may soon lack the resources to comply with their obligations. Specifically, on January 13, 2025, Defendant WESPAC sent an "urgent request" to its donors. Ex. A. The request warned that "[t]he well-funded forces of darkness are now waging legal warfare against us," and that, while WESPAC had previously received outside financial support to cover its litigation expenses, "[n]ow we are on our own." *Id.* Accordingly, WESPAC admitted it "must immediately raise $90,000 for the WESPAC Legal Defense Fund (WLDF) to keep the legal team in place and to protect WESPAC from the precipice." *Id.*

Defendant AMP, meanwhile, has refused to comply with an investigation by the Virginia Attorney General's Office into AMP's possible violations of the Commonwealth's charitable solicitation law. On January 14, 2025, the Attorney General filed a petition in Richmond City Circuit Court to enforce his civil investigative demand ("CID"). The court previously rejected AMP's attempt to set aside or modify the CID. Press Release, Va. Att'y Gen., Attorney General Miyares Holds American Muslims for Palestine Accountable for Refusing to Comply with Investigation (Jan. 14, 2025).[1] While AMP attempts to stonewall the Attorney General's investigation, filings in other cases suggest that AMP's resources—like WESPAC's—are dwindling. A declaration by Defendant Abuirshaid filed in *Boim v. Am. Muslims for Palestine* indicates that "AMP has experienced a decline in donations." Declaration of Dr. Osama

---

[1] Available at https://www.oag.state.va.us/media-center/news-releases/2825-january-14-2025-attorney-general-miyares-holds-american-muslims-for-palestine-accountable-for-refusing-to-comply-with-investigation.

Abuirshaid, ECF No. 459-3, *Boim v. Am. Muslims for Palestine*, No. 17-cv-03591 (N.D. Ill. filed Sept. 12, 2024).

WESPAC's and AMP's sudden decline in resources—despite years of generous funding—is ominously reminiscent of the litigation involving the original material support enterprise. Prior to those cases, the Holy Land Foundation for Relief and Development and the Islamic Association for Palestine also experienced a precipitous decline in resources. As alleged in the Complaint, AMP is a continuation of these organizations' material support enterprise, and WESPAC has played a key role in funding AMP's activities. Compl. ¶¶ 33–66.

WESPAC's and AMP's dwindling resources risk spoiling evidence crucial for this case. If either organization reduces staff, closes offices, or otherwise winds-down its operations, it could jeopardize resources needed to properly preserve evidence. Similarly, if documents and communications have not already been preserved, then changeover in staff or volunteers could lead to the destruction of key evidence—especially if they used personal accounts or devices to conduct business on behalf of the organizations. This would prolong the discovery process, which Plaintiffs already expect to be contentious given AMP's history of stonewalling and delaying discovery in similar cases. And further delay will prevent Plaintiffs from recovering meaningful relief for Defendants' acts of aiding and abetting terrorism.

A court-ordered status conference is necessary to ensure Defendants' full cooperation with their current preservation and future discovery obligations and to save the parties and the Court resources that may otherwise be expended in prolonged discovery disputes should AMP's and WESPAC's dwindling resources lead to spoiled evidence.

## CONCLUSION

Accordingly, Plaintiffs respectfully request that the Court exercise its discretion to schedule a status conference to confirm that AMP and WESPAC have preserved all potentially relevant evidence, that they have the ability and resources meet their discovery obligations, and that they will commit to expeditiously resolving discovery matters as they arise.

Dated: January 27, 2025

                                                Respectfully submitted,

*Counsel for Plaintiffs Maya Parizer, Ariel Ein-Gal, Hagar Almog, Adin Gess, Noach Newman, Natalie Sanandaji, Yoni Diller, David Bromberg, and Lior Bar Or*

By: */s/ Jason Torchinsky*
     JASON TORCHINSKY

**GREENBERG TRAURIG, LLP**
SCOTT BORNSTEIN*
bornsteins@gtlaw.com
RICHARD EDLIN*
edlinr@gtlaw.com
RICHARD ROSENBAUM*
rosenbaumr@gtlaw.com
HAL SHAFTEL*
shaftelh@gtlaw.com
One Vanderbilt Avenue
New York, New York 10017
T. 212.801.9200

**GREENBERG TRAURIG, P.A.**
BRADFORD KAUFMAN*
kaufmanb@gtlaw.com
777 South Flagler Drive,
Suite 300 East West Palm
Beach, Florida 33401
T. 561.650.7900
ZACHARY NEEDELL*
zachary.needell@gtlaw.com
401 East Las Olas
Boulevard, Suite 2000 Fort
Lauderdale, Florida 33301
T. 954.765.0500

**LAW OFFICES OF DAVID SCHOEN**
DAVID SCHOEN*
schoenlawfirm@gmail.com
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
T. 334.395.6611

**HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK, PLLC**
JASON TORCHINSKY
Va. Bar No. 47481
jtorchinsky@holtzmanvogel.com
JONATHAN FAHEY
Va. Bar No. 44854
jfahey@holtzmanvogel.com
ERIELLE DAVIDSON*
edavidson@holtzmanvogel.com
2300 N. Street NW, Suite 643
Washington D.C. 20037
JOHN CYCON
Va. Bar No. 100104
jcycon@holtzmanvogel.com
DANIEL BRUCE
Va. Bar No. 98120
dbruce@holtzmanvogel.com
15405 John Marshall Hwy
Haymarket, VA 20169
T. 202.737.8808

**NATIONAL JEWISH ADVOCACY CENTER**
MARK GOLDFEDER*
mark@jewishadvocacycenter.org
BEN SCHLAGER*
ben@jewishadvocacycenter.org
ANAT BECK*
Anat@jewishadvocacycenter.org
National Jewish Advocacy Center, Inc.
International Legal Forum
1718 General George Patton Drive
Brentwood, TN 37027
T. (800) 269-9895

*Admitted Pro Hac Vice*

6

**Certificate of Service**

  I hereby certify that on January 27, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                */s/ Jason Torchinsky*
                JASON TORCHINSKY
                Va. Bar No. 47481
                **HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK, PLLC**
                2300 N. Street NW, Suite 643
                Washington D.C. 20037
                T. 202.737.8808
                jtorchinsky@holtzmanvogel.com

                *Counsel for Plaintiffs*