IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| MAYA PARIZER, *et al.*,<br><br>PLAINTIFFS,<br><br>v.<br><br>AJP EDUCATIONAL FOUNDATION, INC.<br>a/k/a AMERICAN MUSLIMS FOR<br>PALESTINE, *et al.*,<br><br>DEFENDANTS. | CASE NO. 1:24-cv-00724-RDA-IDD |

**DEFENDANTS' JOINT OPPOSITION TO**
**PLAINTIFFS' MOTION FOR A STATUS CONFERENCE**

Defendants WESPAC Foundation ("WESPAC"), National Students for Justice in Palestine ("NSJP"), Taher Herzallah ("Herzallah"), and Zarefah Baroud ("Baroud") (collectively, "Defendants"), by and through counsel, oppose Plaintiffs' Motion for a Status Conference,[1] and state:

## I.   INTRODUCTION

Plaintiffs' Motion for a Status Conference, Memorandum in Support, and Notice of Hearing (ECF Nos. 134, 135, 136) follows on the heels of their Motion to Enter a Scheduling Order (ECF Nos. 125, 126, 127), which Defendants also jointly opposed, largely for the same reasons, which need not be repeated here, but in essence: there is no need for a status conference to be held in this matter until the Court rules upon the pending Motions to Dismiss (ECF Nos. 33, 70, 77, 105, 109, and 118) which challenge this Court's personal and subject matter jurisdiction,

---

[1] All Defendants concur in their Opposition to Plaintiffs' Motion for a Status Conference, with Defendants AJP Educational Foundation, Inc., Dr. Harem Bazian, and Dr. Osama Abuirshaid electing to file a separate Opposition addressing allegations directed at them in Plaintiffs' Motion.

1

making discovery prior to resolution of those issues particularly inappropriate, and a status conference unnecessary. The status of this matter is well known to all and has not changed. Moreover, without some event within the hands of the parties to be resolved within a given amount of time, there is nothing that will change between now and when the Court rules upon the pending Motions to Dismiss.

Accordingly, the Plaintiffs' Motion should be denied and the hearing counsel set for February 14, 2025 vacated.

## II.    FACTS AND PROCEDURAL HISTORY

Plaintiffs filed their initial Complaint in this matter on May 1, 2024, naming just two entity defendants. ECF No. 1. Subsequently, Plaintiffs filed their First Amended Complaint on July 9, 2024, naming three entity and four individual defendants. ECF No. 24. Plaintiffs served Defendant AMP on May 6, 2024. ECF No. 8. WESPAC was served the Amended Complaint on or about August 6, 2024.  Plaintiffs filed affidavits of service for Defendants Baroud, Herzallah, and Dr. Bazian on August 16, 2024. ECF Nos. 40, 41, 42. That same day, Plaintiffs moved for an extension of time to serve Defendant NSJP and to serve NSJP by publication. ECF No. 44. This Court issued an Amended Order of Publication on September 6, 2024, requiring a response in 50 days. ECF No. 69. Plaintiffs did not serve Dr. Abuirshaid until September 11, 2024. ECF No. 75.

The seven Defendants filed six Motions to Dismiss, each resting on various legal bases. ECF Nos. 33, 70, 77, 105, 109, and 118. Disposition of these motions remains pending.

On November 15, 2024, and as addressed in separate filings, Plaintiffs filed a Motion for Entry of Scheduling Order (Dkt 125, 126). Defendants opposed Plaintiffs' Motion to enter a Scheduling Order for the reasons stated in their Joint Opposition, all of which remain true.

Now, Plaintiffs appear to be attempting the same maneuver, albeit under a different heading. The Motion should be denied.

## III. STANDARD OF REVIEW

The subject matter of Plaintiffs' request falls generally within the Court's discretion, but the multiple defendants, motions and judicial efficiency support denying the Motion for Status Conference until the preliminary motions have been decided. As Plaintiffs correctly cite, and which was cited in Defendants' Opposition to the earlier Motion for Entry of Scheduling Order, "[t]here is power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. *Landis v. N. Am. Co*., 299 U.S. 248, 254-55, 57 S. Ct. 163, 81 L. Ed. 153 (1936). There is also the power for a Court to refrain from holding unnecessary hearings and to deny motions such as those Plaintiffs filed.

Here, nothing has changed since Plaintiffs' last filing, and so the status quo should remain intact: Plaintiffs' Motion should be denied, or a ruling held in abeyance until the Motions to Dismiss are decided.

## IV. ARGUMENT

As stated, pending before the Court are currently six Motions to Dismiss. These motions include challenges to the Court's subject matter and personal jurisdiction over the defendants, among other arguments.

Defendants respectfully oppose Plaintiffs' motion to hold a status conference. Plaintiffs have failed to identify a legal basis for such a motion and have not cited any applicable rule or procedure under which this motion is properly filed. There is no immediate need for a status conference, as there are no outstanding discovery issues or other issues requiring an update to the Court. In addition, as is obvious, the Court did not set this hearing. Therefore, a status conference at this juncture would be premature and unnecessary.

### I. <u>The Motion Lacks a Clear Basis</u>

Plaintiffs' motion is devoid of any legal support. While the Federal Rules of Civil Procedure and local rules provide for motions related to status conferences, Plaintiffs have not cited any rule, statute, or procedural framework that justifies holding a status conference at this stage. Without any pending motions or discovery disputes, the request for a status conference lacks legal foundation and should be denied.

### II. <u>Motions to Dismiss Remain Pending</u>

The most efficient course of action at this stage is for the Court to first rule on the Defendants' motions to dismiss. The Defendants have filed dispositive motions that, if granted, could resolve the case in its entirety or at least narrow the scope of the issues, thus obviating the need for any immediate discovery or status conference. A status conference held before these motions are decided would only serve to unnecessarily burden the Court and the parties with further hours spent on a hearing that may ultimately be rendered moot.

### III. <u>Document Preservation Obligations Do Not Require a Status Hearing</u>

For the sake of clarity and to address Plaintiffs' concerns regarding document preservation and similar issues (also raised in their Motion for Entry of Scheduling Order), Defendants affirm that they have not deleted any relevant files or documents. Defendants are fully aware of their legal obligations to preserve documents and have adhered to those obligations. There is no suggestion that Defendants have failed in their duty to preserve evidence. As in all litigation, Defendants are committed to complying with applicable preservation obligations. To the extent Plaintiffs are trying to ferret out the Defendants' financial status, that is not relevant as there is no judgment. No Defendants have filed for bankruptcy, and if they did, a bankruptcy court would have jurisdiction. Employees may come and go, but Defendants have their separate juridical existence. The corporate

Defendants in this case are no different from any other corporate defendant in any litigation. It is unclear what motivates any suggestion otherwise as contained within Plaintiffs' brief, but it is unfounded.

### IV. Litigation Was Plaintiffs' Choice

Defendants further note that the Plaintiffs' motion appears to be a tactical move intended to drain Defendants' resources by introducing unnecessary procedural steps at an early stage. To the extent that Plaintiffs are concerned about the financial or resource implications of litigation, Defendants believe that this concern is self-inflicted. The motion to hold a status conference is part of a broader pattern of litigation conduct that seems aimed at increasing Defendants' costs rather than advancing the case toward resolution. As addressed *ad nauseum* in the Defendants' Motions to Dismiss, the Plaintiffs have filed a lawsuit that is transparently designed to stifle core First Amendment activities masquerading as something else entirely, with the ultimate goal being the disbandment of the groups they have sued due to lack of resources.

In choosing to pursue litigation, and, as is typical in all legal disputes, the Defendants will face the financial burdens associated with defending against these claims, short of sanctions being ordered as a result of the nature of the litigation. But Plaintiffs should not be allowed to exacerbate these burdens by filing unnecessary motions, particularly when a resolution of the Motions to Dismiss will shape the next stage of these proceedings.

### V. CONCLUSION

There is no procedural basis for Plaintiffs' motion, and no discovery is currently outstanding because there is no Scheduling Order in place. The Court should deny the motion for a status conference and allow the case to proceed as it has been. Prematurely forcing unnecessary hearings only serves to increase the costs of litigation without any corresponding benefit. Defendants respectfully request that the Court deny Plaintiffs' Motion for Status Conference.

DATED: February 10, 2025

Respectfully Submitted,

*/s/ Felicity A. McGrath*
Felicity A. McGrath, VSB #41708
James Hittinger, VSB #81728
Kiernan Trebach LLP
1233 20th Street, N.W., Eighth Floor
Washington, D.C. 20036
(202) 712-7000
(202) 712-7100 Fax
fmcgrath@kiernantrebach.com
jhittinger@kiernantrebach.com
*Attorneys for Defendant WESPAC*


*Abdel-Rahman Hamed*
**ABDEL-RAHMAN HAMED, ESQ.**
VA Bar No. 99055
P.O. Box 25085
Washington, D.C. 20027
(202) 888-8846
advocates@hamedlaw.com
**MARK ALLEN KLEIMAN, ESQ.***
Kleiman Rajaram
12121 Wilshire Boulevard
Suite 810
Los Angeles, CA 90025
(310) 392-5455
mark@krlaw.us
**JONATHAN WALLACE, ESQ.****
P.O. Box 728
Amagansett NY 11930
(917) 359-6234
Jonathan.wallace80@gmail.com
**COLLIN POIROT, ESQ.****
2603 Oak Lawn, Suite 300
Dallas, TX 75219
(214) 392-2281
cpoirot.law@gmail.com
*Attorneys for Defendant NSJP*

*admitted pro hac vice
** pro hac vice application pending

*/s/ Christopher E. Brown*
Christopher E. Brown (VSB No. 39852)
The Brown Firm PLLC
526 King Street, Suite 213
Alexandria, VA 22314
T: 703-924-0223
F: 703-997-2362
cbrown@brownfirmpllc.com
Ben H. Elson, Esq. (IL Bar No. 6286106) *Pro Hac Vice Pending*
Janine Hoft, Esq. (IL Bar No. 6188139)
*Pro Hac Vice Pending*
People's Law Office
1180 N. Milwaukee Ave.
Chicago, IL 60642
T: 773-235-0070
F: 773-235-6699
ben@peopleslawoffice.com
janinehoft@peopleslawoffice.com

*Counsel for Defendants Zarefah Baroud and Taher Herzallah*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 10, 2025, a copy of the foregoing was electronically filed via CM/ECF, which will send notice to all counsel of record.

*/s/ James T. Hittinger*
James T. Hittinger

7