IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| MAYA PARIZER, ADIN GESS, NOACH NEWMAN, NATALIE SANANDAJI, YONI DILLER, DAVID BROMBERG, LIOR BAR OR, ARIEL EIN-GAL, and HAGAR ALMOG,<br><br>    Plaintiffs,<br><br>v.<br><br>AJP EDUCATIONAL FOUNDATION, INC. a/k/a AMERICAN MUSLIMS FOR PALESTINE, NATIONAL STUDENTS FOR JUSTICE IN PALESTINE, WESPAC FOUNDATION, HATEM BAZIAN, OSAMA ABUIRSHAID, TAHER HERZALLAH, and ZAREFAH BAROUD,<br><br>    Defendants. | Civil No. 1:24-cv-00724-RDA-IDD |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully submit this Notice of Supplemental Authority to apprise the Court of the Southern District of New York's recent decision in *Raanan v. Binance Holdings Ltd.*, No. 24-cv-697 (JGK), 2025 U.S. Dist. LEXIS 33874, 2025 WL 605594 (S.D.N.Y. Feb. 25, 2025), attached hereto as Exhibit A, which is relevant to the Court's consideration of Defendants' pending motions to dismiss Plaintiffs' First Amended Complaint.[1]

In *Binance*, the court considered the same issues before this Court, based on similar facts: i.e., whether the plaintiffs, victims of Hamas's October 7th terrorist attack, "adequately allege[d] that the defendants," a cryptocurrency platform and its owner, "were generally aware that they

---

[1] Capitalized terms used herein have the same meanings as in Plaintiffs' opposition to the motions to dismiss filed by AMP and WESPAC. (Joint Opposition ("Joint Opp."), ECF No. 85.)

1

were playing a role in Hamas's . . . overall terrorist activities, and that the defendants provided knowing and substantial assistance with respect to" Hamas's terrorist activities, such that the complaint "state[d] a claim for aiding-and-abetting liability under JASTA." Ex. A at 53, 70.

*First*, the decision is relevant to understanding the overall nature of aiding and abetting liability under the ATA and JASTA and, in particular, its flexibility at the pleading stage. In *Binance*, the court held that the complaint stated an aiding and abetting liability claim under the ATA and JASTA and that this was the only outcome consistent with the Supreme Court's admonition in *Twitter* that Congress did not intend that JASTA be interpreted, nor the *Halberstam* framework applied,[2] with such "rigid[ity]" that JASTA's "conceptual core" is lost. *Id.* at 55; *see generally Twitter, Inc. v. Taamneh*, 598 U.S. 471, 493 (2023); *Halberstam v. Welch*, 705 F.2d 472 (D.C. Cir. 1983). That "conceptual core," the *Binance* court reiterated, is that the defendant is liable for aiding and abetting under JASTA if it "consciously and culpably participated in a wrongful act so as to help make it succeed." Ex. A at 55. And that "conceptual core" is clearly implicated here, where AMP and NSJP have consciously declared themselves to be "PART of" Hamas and operating under its "unified command." (FAC ¶¶ 83–84.)

*Second*, the *Binance* court recognized that the "general awareness" requirement under the ATA and JASTA is "not an exacting one" and that a plaintiff may "rely on media articles and publications, for example, and need not allege at the pleadings stage that the defendant 'knew or should have known of the public sources.'" Ex. A at 59–60. Accordingly, the *Binance* court held

---

[2] Congress incorporated *Halberstam* as a legal framework for JASTA aiding-and-abetting liability. Under *Halberstam* the defendant can be liable if the following elements are alleged: (1) "the party [] the defendant aids must perform a wrongful act that causes injury"; (2) the defendant "must be generally aware of his role as part of an overall illegal or tortious activity at the time he provides the assistance"; and (3) the defendant must "knowingly and substantially assist the principal violation." *Halberstam*, 705 F.2d at 477.

that the complaint's numerous references to public reporting of Hamas's use of defendants' trading platform was alone sufficient to establish the "general awareness" element at the pleading stage. Ex. A at 61.

Here, Plaintiffs allege *even more* general awareness than the plaintiffs in *Binance*. Plaintiffs rely on AMP's and NSJP's *own* public statements that they are "PART of" Hamas and operating under its "unified command." (FAC ¶¶ 83–84.) Based on public reporting, congressional testimony, and allegations in related cases, Plaintiffs have also alleged that AMP and NSJP are merely a continuation of organizations found to provide material support to Hamas, given the disturbing overlap between their founders and members. (FAC ¶¶ 33–44.) And Plaintiffs allege Defendants are generally aware of their role in Hamas's acts of terrorism because Hamas itself has publicly called Defendants to act and encouraged their support. (FAC ¶¶ 150–55.) As in *Binance*, those public reports, as well as Defendants' own statements, suffice at the pleading stage.

*Third*, in denying the motion to dismiss the aiding and abetting liability claim under the ATA and JASTA, the *Binance* court also distinguished *Twitter* on the "knowing and substantial" element because, in *Twitter*, the social media platforms used generally applicable algorithms and provided routine services, and did not treat ISIS differently than any other user. Ex. A at 62–64. By contrast, in *Binance*, the defendant went out of its way to avoid anti-terrorism financing regulations and, in at least one instance, affirmatively protected a client affiliated with Hamas. *Id.* at 63–64. Accordingly, the facts of *Twitter* were sufficiently distinguishable, and the *Binance* plaintiffs successfully alleged the knowing and substantial element under the ATA.

*Binance*'s holding applies with greater force to this case, where the allegations of knowing and substantial assistance are even stronger. Unlike the defendants in *Twitter* and *Binance*, AMP and NSJP provide *no* "routine services" to the public. Rather, funded by WESPAC and led by the

3

individual Defendants, AMP and NSJP have operated for forty years, in one form or another, as the public relations arm of Hamas in the United States. (FAC ¶¶ 25–44, 64–66.) Moreover, unlike the plaintiffs in *Twitter*, Plaintiffs here allege frequent intentional and affirmative acts that have aided a foreign terrorist organization. AMP and NSJP describe themselves as "PART of" Hamas's "unified command" and have provided Hamas with invaluable support, including money, propaganda services, recruiting services, and political mobilization. (FAC ¶¶ 33–50.)

In sum, the *Binance* court correctly recognized that aiding and abetting liability under the ATA and JASTA can be "distilled" to a single "conceptual core": a defendant is liable for aiding and abetting if it "consciously and culpably participated in a wrongful act so as to help make it succeed." Ex. A at 55. As in *Binance*, Plaintiffs easily meet that flexible and unexacting standard.

Dated: March 6, 2025

Respectfully submitted,

*Counsel for Plaintiffs Maya Parizer, Ariel Ein-Gal, Hagar Almog, Adin Gess, Noach Newman, Natalie Sanandaji, Yoni Diller, David Bromberg, and Lior Bar Or*

By: */s/ Jason Torchinsky*
    JASON TORCHINSKY

**GREENBERG TRAURIG, LLP**
SCOTT BORNSTEIN*
bornsteins@gtlaw.com
RICHARD EDLIN*
edlinr@gtlaw.com
RICHARD ROSENBAUM*
rosenbaumr@gtlaw.com
HAL SHAFTEL*
shaftelh@gtlaw.com
One Vanderbilt Avenue
New York, New York 10017
T. 212.801.9200

**GREENBERG TRAURIG, P.A.**
BRADFORD KAUFMAN*
kaufmanb@gtlaw.com
777 South Flagler Drive,
Suite 300 East West Palm
Beach, Florida 33401
T. 561.650.7900
ZACHARY NEEDELL*
zachary.needell@gtlaw.com
401 East Las Olas
Boulevard, Suite 2000 Fort
Lauderdale, Florida 33301
T. 954.765.0500

**LAW OFFICES OF DAVID SCHOEN**
DAVID SCHOEN*
schoenlawfirm@gmail.com
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
T. 334.395.6611

**HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK, PLLC**
JASON TORCHINSKY
Va. Bar No. 47481
jtorchinsky@holtzmanvogel.com
JONATHAN FAHEY
Va. Bar No. 44854
jfahey@holtzmanvogel.com
ERIELLE DAVIDSON*
edavidson@holtzmanvogel.com
2300 N. Street NW, Suite 643
Washington D.C. 20037
JOHN CYCON
Va. Bar No. 100104
jcycon@holtzmanvogel.com
DANIEL BRUCE
Va. Bar No. 98120
dbruce@holtzmanvogel.com
15405 John Marshall Hwy
Haymarket, VA 20169
T. 202.737.8808

**NATIONAL JEWISH ADVOCACY CENTER**
MARK GOLDFEDER*
mark@jewishadvocacycenter.org
BEN SCHLAGER*
ben@jewishadvocacycenter.org
ANAT BECK*
Anat@jewishadvocacycenter.org
National Jewish Advocacy Center, Inc.
International Legal Forum
1718 General George Patton Drive
Brentwood, TN 37027
T. (800) 269-9895

*Admitted Pro Hac Vice*

5

## Certificate of Service

      I hereby certify that on March 6, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Jason Torchinsky*
JASON TORCHINSKY
Va. Bar No. 47481
**HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK, PLLC**
2300 N. Street NW, Suite 643
Washington D.C. 20037
T. 202.737.8808
jtorchinsky@holtzmanvogel.com

*Counsel for Plaintiffs*
