## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | | |
|---|---|---|
| MAYA PARIZER, ADIN GESS, NOACH NEWMAN, NATALIE SANANDAJI, YONI DILLER, DAVID BROMBERG, LIOR BAR OR, ARIEL EIN-GAL, and HAGAR ALMOG, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil No. 1:24-cv-00724-RDA-IDD |
| AJP EDUCATIONAL FOUNDATION, INC. a/k/a AMERICAN MUSLIMS FOR PALESTINE, NATIONAL STUDENTS FOR JUSTICE IN PALESTINE, WESPAC FOUNDATION, HATEM BAZIAN, OSAMA ABUIRSHAID, TAHER HERZALLAH, and ZAREFAH BAROUD, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFFS' RESPONSE TO DEFENDANT AMP'S PRAECIPE
## WITH SUPPLEMENTAL AUTHORITY

AMP's latest supplemental authority does not remotely support dismissal of Plaintiffs' claims in this case.[1] (Praecipe with Supplemental Authority ("Praecipe"), ECF No. 148 (citing *Jan v. People Media Proj.*, No. 3:24-cv-05553-TMC, 2025 U.S. Dist. LEXIS 18021 (W.D. Wash. Jan. 31, 2025)).) *Jan* involves claims under the Alien Tort Statute by a former Hamas hostage against a U.S.-based media outlet that paid the plaintiff's captor, a Hamas operative, for pro-Hamas content. *Jan*, 2025 U.S. Dist. LEXIS 18021, at *1–*2. The plaintiff brought separate claims for paying the Hamas associate and publishing his propaganda. The court dismissed the claims without prejudice and granted leave to amend. *Id.* at *3–*4. An amended complaint has since been filed.

---

[1] Capitalized terms used herein have the same meanings as in Plaintiffs' opposition to the motions to dismiss filed by AMP and WESPAC. (Joint Opposition ("Joint Opp."), ECF No. 85.)

Amended Complaint, *Jan v. People Media Proj.*, No. 3:24-05553-TMC (W.D. Wash. filed Feb. 21, 2025). Multiple aspects of *Jan* support Plaintiffs' arguments, and none supports dismissal.

*First*, *Jan* recognizes that paying a Hamas associate is actionable so long as the complaint alleges defendants had actual knowledge that the payee was a Hamas associate, and the court dismissed the payment-related claim solely for making insufficient allegations of knowledge. *Jan*, 2025 U.S. Dist. LEXIS 18021 at *3, *20–*25. For the same reason, the court found the complaint alleged insufficient domestic conduct to support jurisdiction. *Id.* at *35–*36. In this case, Plaintiffs' allegations that AMP (as well as the other Defendants) knew they were aiding Hamas are far more robust than in *Jan* and readily meet *Jan*'s standard both on the merits and as a matter of extraterritoriality. (Joint Opp. 11–15, 20–24.) Among other things, AMP is the current iteration of Hamas' captive propaganda firm, prior versions of which were adjudicated by American courts as material supporters of Hamas. (FAC ¶¶ 25–44.) AMP is also responsible for distributing the "Toolkit" declaring that it is "PART of" the "Unity Intifada" operating under Hamas' unified command. (FAC ¶¶ 83–84.) Nothing comparable was alleged in *Jan*.

*Second*, although *Jan* dismissed the propaganda-related claims on First Amendment grounds, it focused exclusively on a First Amendment doctrine not at issue in this case: whether the propaganda was "meant to incite or produce unlawful activity." *Jan*, 2025 U.S. Dist. LEXIS 18021, at *27. Here, AMP's propaganda activities are not protected by the Constitution because AMP coordinates them directly with Hamas. (Joint Opp. 38–39 (citing *Holder v. Humanitarian Law Proj.*, 561 U.S. 1 (2010)).) *Jan* has no bearing on that argument. In any event, AMP waived any First Amendment argument by not developing any legal arguments in its brief. (Joint Opp. 37–38.)

*Third*, *Jan* supports other arguments Plaintiffs have advanced. *Jan* recognizes, for example, that the standard for aiding and abetting under the Alien Tort Statute is "analogous to the aiding-and-abetting provision" of JASTA. *Jan*, 2025 U.S. Dist. LEXIS 18021, at *17. In line with *Jan*, Plaintiffs have argued that the aiding-and-abetting concept of "substantial assistance" should be interpreted the same way under the Alien Tort Statute and JASTA. (Pls' Mem. of Law in Opp. to Def. NSJP's Mot. to Strike and Mot. to Dismiss 22–23, ECF No. 124; *see also* Joint Opp. 36–37.) *Jan* also recognizes that leave to amend should be granted to address the sorts of putative deficiencies AMP has raised. *Jan*, 2025 U.S. Dist. LEXIS 18021, at *36. Although the robust claims in this case should proceed, leave to amend would obviously be warranted here as well. (Joint Opp. 39.)

*Fourth*, AMP's Praecipe, like its first, once again invites the Court to decide the pending motions on an improper basis. AMP's stated reasons for submitting *Jan* includes that the action was "brought by three of the same firms representing Plaintiffs in this case." (Praecipe 1.) That is, of course, irrelevant to any issue before the Court and should be disregarded.

Dated: March 28, 2025

Respectfully submitted,

*Counsel for Plaintiffs Maya Parizer, Ariel Ein-Gal, Hagar Almog, Adin Gess, Noach Newman, Natalie Sanandaji, Yoni Diller, David Bromberg, and Lior Bar Or*

By: */s/ Jason Torchinsky*
    JASON TORCHINSKY

**GREENBERG TRAURIG, LLP**
SCOTT BORNSTEIN*
bornsteins@gtlaw.com
RICHARD EDLIN*
edlinr@gtlaw.com
RICHARD
ROSENBAUM*
rosenbaumr@gtlaw.com
HAL SHAFTEL*
shaftelh@gtlaw.com
One Vanderbilt Avenue
New York, New York 10017
T. 212.801.9200

**GREENBERG TRAURIG, P.A.**
BRADFORD KAUFMAN*
kaufmanb@gtlaw.com
777 South Flagler Drive,
Suite 300 East West Palm
Beach, Florida 33401
T. 561.650.7900
ZACHARY NEEDELL*
zachary.needell@gtlaw.com
401 East Las Olas
Boulevard, Suite 2000 Fort
Lauderdale, Florida 33301
T. 954.765.0500

**LAW OFFICES OF
DAVID SCHOEN**
DAVID SCHOEN*
schoenlawfirm@gmail.com
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
T. 334.395.6611

**HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK, PLLC**
JASON TORCHINSKY
Va. Bar No. 47481
jtorchinsky@holtzmanvogel.com
JONATHAN FAHEY
Va. Bar No. 44854
jfahey@holtzmanvogel.com
ERIELLE DAVIDSON*
edavidson@holtzmanvogel.com
2300 N. Street NW, Suite 643
Washington D.C. 20037
JOHN CYCON
Va. Bar No. 100104
jcycon@holtzmanvogel.com
DANIEL BRUCE
Va. Bar No. 98120
dbruce@holtzmanvogel.com
15405 John Marshall Hwy
Haymarket, VA 20169
T. 202.737.8808

**NATIONAL JEWISH ADVOCACY
CENTER**
MARK GOLDFEDER*
mark@jewishadvocacycenter.org
BEN SCHLAGER*
ben@jewishadvocacycenter.org
ANAT BECK*
Anat@jewishadvocacycenter.org
National Jewish Advocacy Center, Inc.
International Legal Forum
1718 General George Patton Drive
Brentwood, TN 37027
T. (800) 269-9895

*Admitted Pro Hac Vice*

## Certificate of Service

I hereby certify that on March 28, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Jason Torchinsky*
JASON TORCHINSKY
Va. Bar No. 47481
**HOLTZMAN VOGEL BARAN**
**TORCHINSKY & JOSEFIAK, PLLC**
2300 N. Street NW, Suite 643
Washington D.C. 20037
T. 202.737.8808
jtorchinsky@holtzmanvogel.com

*Counsel for Plaintiffs*